Dewey, J.
Hamilton covenanted with Overton and others that, within twenty days, he would procure, and deliver to them, the certificate of Charles L. Trowbridge and DeGarmo Jones, officers of the bank of Michigan, bearing their official signatures, to .the effect, that there had been shown to them (Trowbridge and Jones) three notes signed by Hamilton, and indorsed by John N. Hunter and P. S. Merrill, for $1,587.34 each, dated July the 1st, 1840; which notes they {Trowbridge and Jones) considered good, and such as they would discount at any time when they were discounting notes; and Hamilton stipulated, that if he failed in the above undertaking, he would pay Overton and others “$500 liquidated damages.” Overton and others *brought an action on this covenant, and assigned for breach, the failure to procure the certificate within the specified time, and the refusal to pay the $500. The defendant pleaded two special pleas, which were correctly decided to be bad upon demurrer; whereupon the Circuit Court rendered final judgment for the plaintiffs for $500, interest, and costs.
The question raised by the record is, whether the sum of $500, stipulated in the covenant to be paid for a breach of it, is in the nature of a penalty, or of damages, settled and liqu' dated by the parties?
Courts, not unfrequently, have found difficulty-in drawing the line distinctly between penalties and liquidated damages The intention of the parties must govern the construction of *220 contracts in this particular, as well as in all other respects; and it may be laid down as a general rule, (admitting, however, of some exceptions), that when the covenant or agreement itself denominates a specific sum a penalty, it will be so viewed by those whose duty it is to interpret the contract. Smith v. Dickenson, 3 B. & P., 630; Astley v. Weldon, 2 B. & P., 346, per Lord Eldon; Tayloe v. Sandiford, 7 Wheat., 13. But several cases have occurred, in which, though the parties themselves have designated the sum to be paid on a breach of covenant as liquidated damages, it has been considered by the Court as a penalty, on the ground that from a view of the whole contract, such must have, been the real meaning of the contractors. This is the doctrine where a specific pecuniary payment is secured by a larger sum. Astley v. Weldon, supra, per Chambre, J.; Fletcher v. Dyche, 2 T. R., 32. The same principle is applicable to covenants containing various stipulations of different degrees of importance—some for the payment of specific sums, and others sounding in uncertain damages—with a general provision that a large sum shall be paid for a violation of any of the stipulations. Astley v. Weldon, supra; Kemble v. Farren, 6 Bing., 141; Davies v. Penton, 6 B. & C., 216; Charrington v. Laing, 6 Bing., 242. But when a similar provisioi has reference only to uncertain damages, and has been • under standingly made without fraud, it is a matter of contract, witl which Courts have no right to interfere, and furnishes the onlj measure of damages. Lowe v. Peers, 4 Burr., 2225 *Kemble v. Farren, supra; Dakin v. Williams, 17 Wend., 447.
In the case before us there is but one covenant; and from its nature, the damages for a violation of it are entirely uncertain; nor does it appear from the record how they could well be ascertained by evidence. The consideration which induced the undertaking is not shown. We know only what the covenant was; that it was broken; and that the parties' to it have themselves agreed upon the amount of damages to be paid for its breach. Indeed, it is difficult to conceive, from the facts disclosed, what motive could have influenced the parties in making *221 suck a contract. Under these circumstances, we do not feel authorized to pronounce that to be a penalty, which it is expressly stipulated shall be liquidated damages.
J. B. Niles, for. the plaintiff.
J. W. Ohapman, for the defendants.
Per Ouriam.—The judgment is affirmed, with one per cent. damages and costs.