### EMERY FISK *vs.* JAMES GRAY.

If a bond is given in a certain sum "mutually agreed upon as liquidated damages," with condition to pay off a mortgage debt within a certain time upon land conveyed to the obligor, and to pay the interest thereon semi-annually until the principal is paid, and to pay all taxes assessed on the premises and to keep the buildings insured against fire to a certain amount, and the sum provided to be paid is referred to only in the early and formal part of the bond, and is several times as great as the semi-annual instalments of interest, it is to be treated as a penalty and not as liquidated damages.

CONTRACT on a bond dated May 1st 1862, executed by the defendant to the plaintiff, "in the full and just sum of one hundred dollars, mutually agreed upon as liquidated damages," the condition of which recited that Henry A. Fuller had conveyed to the defendant a parcel of land in Needham, subject to a mortgage to the plaintiff for one thousand dollars, which the defendant was to pay as his own debt, and providing that within two years the defendant should pay to the plaintiff the principal due upon said mortgage, with interest semi-annually until the principal should be paid, and also pay all taxes assessed on the land, and keep the buildings thereon insured against fire in a sum not less than one thousand dollars, payable to the plaintiff in case of loss.

It was agreed in the superior court that the facts recited in he condition of the above bond were true, and that the plaintiff was about to take possession of the land for non-payment of interest, when the defendant agreed to give the bond if the

plaintiff would not take possession, and this was accordingly done. The principal and interest were not paid by the defendant in accordance with the stipulation of the bond, and this action was thereupon commenced.

On these facts, judgment was ordered for the plaintiff for one hundred dollars, and execution ordered to issue for the whole amount; and the defendant appealed to this court.

*A. Cottrell,* for the defendant, submitted the case without argument.

*W. Colburn,* for the plaintiff, cited 2 Greenl. Ev. § 259; *Bagley* v. *Peddie,* 5 Sandf. 192; *Varnum* v. *Meserve,* 8 Allen, 158.

GRAY, J. Upon the application of the rules of construction which the courts have adopted in ascertaining whether a certain sum, agreed to be paid upon a breach of contract, is to be deemed a penalty, or liquidated damages, we are of opinion that this case belongs to the first class. The description of the sum of one hundred dollars as " mutually agreed upon as liquidated damages," though entitled to consideration, is not conclusive, and is of less weight when it is inserted only in the formal part of the contract, and may therefore have been written by the scrivener without attracting the particular attention of the parties. This instrument is in the form of a bond, and no other sum is mentioned as a penalty. It contains several distinct stipulations of various importance, to be performed at different times. Most of them are for the payment of fixed sums of money, and some of them are for the payment of semi-annual instalments of interest of thirty dollars each. The value of those stipulations which are not for the payment of money can be readily estimated; for the amount of taxes will be fixed by the assessment, and the premium required for an insurance of one thousand dollars is not difficult to be ascertained. Upon a view of the whole contract, it is not to be inferred that the parties really intended that the whole sum of one hundred dollars should be paid in the event of the breach of any one of several stipulations, many of which were for the payment in money of .ess than a third of that sum. *Heard* v. *Bowers,* 23 Pick. 455. *Lynde* v *Thompson,* 2 Allen, 460. *Horner* v. *Flintoff,*

9 M. & W. 678.   *Dimech* v. *Corlett*, 12 Moore P. C. 229, 230 *Lampman* v. *Cochran*, 16 N. Y. 275.   2 Greenl. Ev. § 258.

The superior court, in assessing the damages, evidently considered them as having been liquidated by the parties in the contract. Its judgment must therefore be reversed, so far as execution was ordered to issue for the whole amount, and the case be referred to an assessor, unless the parties agree upon the amount for which execution should issue.