CITY OF SUMMIT, PLAINTIFF IN ERROR, v. MORRIS COUNTY TRACTION COMPANY ET AL., DEFENDANTS IN ERROR.

Submitted March 24, 1913—Decided November 17, 1913.

When damages are to be ascertained for the breach of a single stipulation contained in an agreement, and they are uncertain in amount and not readily susceptible of proof under the rules of evidence, then, if the parties have agreed upon a sum as the measure of compensation for the breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages. But where the agreement contains disconnected stipulations of various degrees of importance, the sum named therein to be paid in case of a failure of performance will be considered as a penalty, unless the agreement specifies the particular stipulation or stipulations to which the liquidated damages are to be confined.

On error to the Supreme Court.

For the plaintiff in error, *Corra N. Williams.*

For the defendants in error, *Elmer King.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The city of Summit, in 1907, on the application of the defendant company, passed an ordinance granting leave to it to construct and operate a trolley line through the city streets, upon certain conditions specified in the ordinance and agreed to by the company. These conditions were many in number and of varying importance. Some of them related to the construction of the road, others to the operation thereof, and still others to the payment to the city of compensation for the privilege of using the city streets. Most of those relating to construction and operation carried with them a specific penalty for violations thereof by the company. The ordinance also contained a provision that the company should, at the time of its acceptance thereof, give a bond to the city, with sufficient surety, in the sum of $5,000, with a condition that the company and its successors should fully and faithfully keep, observe and perform all the provisions of the ordinance on its part to be kept, observed and performed. A bond was given in accordance with this provision, and the present suit is brought to recover the damages alleged to have been sustained by the city by the failure of the company to perform diverse duties imposed upon it by different sections of the ordinance. The breaches alleged having been proved at the trial, the court found for the plaintiff, but, no special damage having been proved to have been sustained by the city, only nominal damages were permitted to be recovered by it, the court holding that the payment called for by the bond was by way of penalty and not as liquidated damages. The plaintiff now seeks to review the ruling of the trial court upon this point.

We think the view of the trial court that the bond in suit provided a penalty for a breach of any of the conditions

thereof, and not for damages liquidated by agreement of the parties for such breach, is the correct one. The rule to be gathered from our decided cases is this: That when damages are to be ascertained for the breach of a single stipulation contained in an agreement, and they are uncertain in amount and not readily susceptible of proof under the rules of evidence, then if the parties have agreed upon a sum as the measure of compensation for the breach, and that sum is not disproportionate to the presumable loss, it may be recovered as liquidated damages (*Monmouth Park Association* v. *Wallis Iron Works, 26 Vroom* 132; *Robinson* v. *Centenary Fund,* 39 *Id.* 723) ; but where the agreement contains disconnected stipulations of various degrees of importance, the sum named therein to be paid in case of a failure of performance will be considered as a penalty, unless the agreement specifies the particular stipulation or stipulations to which the liquidated damages are to be confined. *Whitfield* v. *Levy,* 6 *Id.* 149; *Hoagland* v. *Segur,* 9 *Id.* 230. The determination of the trial court was in consonance with this rule of law. It was also in harmony, we think, with the intention of the parties as exhibited by the provision of the ordinance which required the bond to be given, for apparently in every case in which the municipal authorities considered that the breach by the company of any stipulation contained in it should carry an obligation on the part of the company to pay to the city a specific sum, it is so declared, and the sum fixed, by the ordinance itself.

We deem it proper to say that we have not reached the conclusion expressed without a consideration of the cases of *Clark* v. *Barnard,* 108 *U. S.* 436; *City of Salem* v. *Anson,* 40 *Oreg.* 339, and *City of Indianola* v. *Gulf, Western, &c., Railroad Co.,* 56 *Tex.* 594, relied upon by counsel for plaintiff in error in support of his contention. They are each of them cases where the ascertainment of damages for the breach of a single stipulation contained in the agreement was involved, and so come within the first division of the rule which we have said prevails in this state, and are in accord with it. The opinions themselves, as we read them, do

not, we think, militate against the conclusion which we have reached.

The judgment under review will be affirmed.

We are not to be understood, however, by our affirmance of this judgment as approving the form in which it is entered. The *consideratum est* is that the plaintiff do recover against the defendants "its said damages by the court, in form aforesaid, found to be the sum of six cents, and by the court now here adjudged to the said plaintiff," &c. The bond in suit, being one for the payment of money, the fifth section of our act concerning obligations (*Comp. Stat., p.* 3778) required that the judgment should be entered for the penalty of the bond; the execution thereon issuing only for such damages as were assessed. The wisdom of the statutory provision referred to is peculiarly apparent in a case like the present, where the bond is intended as an indemnity against breaches of various and unrelated conditions; for the judgment is not only in satisfaction of the damages resulting to the plaintiff from the breach sued upon, but stands as security for future breaches. *Roll* v. *Maxwell, 2 South.* 568. But as the form of the judgment is not attacked by any assignment of error, this defect cannot be made a ground of reversal.

SWAYZE, J. (dissenting). In this suit upon a bond in the penal sum of $5,000, breaches of condition were proved and a judgment entered for six cents. The effect is that the bond is merged in the judgment and six cents is all the city can ever recover. The judgment should have been entered for the penalty and execution issued for the proper amount from time to time. This, however, is a mere technical or perhaps clerical error. My real objection to the result is that the opinion of the court precludes any substantial recovery, not only on this bond, but on any bond that may be taken by a municipality to secure the performance of public obligations; for it can rarely happen that the municipality as such is damaged by failure to perform. The damage is to the public not to the municipality. The reason for the rule on

which the opinion rests is the presumption that what the parties meant to secure was the actual damages rather than the penalty, and this reason must fail where there can be no actual damage to the obligee. In this respect, the case is like *Clark* v. *Barnard,* 108 *U. S.* 436. It differs, however, since this bond is conditioned for the performance of all the provisions of the ordinance. Among those provisions are provisions for the payment of specific fixed penalties for the violation of certain covenants to be performed by the traction company. Those covenants have been violated and I think the penalties are due. It seems to me a great stretch of the law to hold that specific penalties fixed by a municipal ordinance are in fact meant only to secure actual damages. The penalties are actual damages and the loss of the penalties is the only damage the city as a municipality can suffer.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, PARKER, VOORHEES, KALISCH, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 12.

*For reversal*—SWAYZE, MINTURN, JJ. 2.