## TUDOR v. BEATH.

[No. 10,774. Filed June 29, 1921. Rehearing denied October 28, 1921.]

1. DAMAGES.—*Contracts to Sell Real Estate.—Stipulating Liquidated Damages.—Validity.*—In contracts for the sale or exchange of real estate where the damages likely to arise on account of a breach are uncertain, it is proper for the parties in advance of a breach to estimate the damages consequent upon a breach and agree upon their measure, and such agreement, when entered into in good faith, will be enforced. p. 528.

2. DAMAGES.—*Contracts to Sell Real Estate.—Construction.—Words Used Not Conclusive.*—The words "damages," "penalty," "forfeiture" and "liquidated damages," when used in contracts for the sale or exchange of real estate are not conclusive, but they will be considered in connection with all the other provisions of the contract in determining whether the stipulation as to damages for a breach shall be considered as a penalty or as liquidated damages, and if upon the whole agreement the court can see that the sum stipulated to be paid was intended as a penalty, the designation of it by the parties as "liquidated damages" will not prevent this construction; if, however, the intent is plain that the sum named shall be liquidated damages, it will not be treated as a penalty because the parties have called it by that name. p. 529.

3. CONTRACTS.—*Breach.—Stipulation for Payment of Fixed Sum.—Penalty.—Liquidated Damages.—Presumptions.*—The presumption is that a lump sum named by the parties to a contract as the amount to be recovered upon a breach of the contract is a penalty rather than liquidated damages. p. 529.

4. DAMAGES.—*Contract for Sale of Realty.—Breach.—Stipulation for Payment of Fixed Sum.*—An agreement stipulating that a seller should forfeit $1,200 as liquidated damages for breach of such agreement, which obligated him to sell a farm for $13,200, to accept a city lot in lieu of $1,200 cash, to furnish an abstract showing good title, and to pay a certain ditch assessment when due, *held* to provide for a penalty and not liquidated damages, although such term was used in the contract, as the ditch assessment, at least, was a matter of record, was certain and measured in money, so that the forfeiture agreement was a penalty so far as it related to the payment of such assessment, and, being a penalty as to one of the stipulations of the contract, it must be held to be a penalty as to all. p. 537.

From Blackford Circuit Court; *Frank W. Gordon,* Judge.

Action by John Beath against John B. Tudor. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*James J. Moran, Frank Gillespie* and *Enos Cole,* for appellant.

*W. H. Eichhorn, Lee F. Sprague* and *John H. Edris,* for appellee.

McMahan, J.—Complaint by appellee in two paragraphs for damages by reason of an alleged breach of a contract for the sale and exchange of certain real estate. Appellee in each paragraph of complaint seeks to recover as liquidated damages the amount named in the contract. Neither paragraph can be construed as a complaint for actual damages.

Both paragraphs are in substance the same, and allege that the parties entered into a contract whereby appellant agreed to sell and convey a 120-acre farm to appellee for $13,200, appellant to accept a certain lot in Hartford City in lieu of $1,200 cash, the remaining $12,000 to be paid in cash on or before February 1, 1918, with the provision that appellee might postpone the cash payment not later than March 1, by giving a good bankable note. The conveyance of said lot was to be considered as an advance payment on the farm and if appellee failed or refused to carry out the terms of the contract, said lot was to be forfeited to appellant as liquidated damages, and appellant agreed to forfeit $1,200 in cash to appellee as liquidated damages for failure to carry out his part of this contract. It also alleged that appellee made the first payment according to the terms of the contract by delivering a deed to appellant for said lot, and when the last payment was due he tendered appellant a good bankable note for

$12,000, which appellant refused to accept and refused to deliver appellee a deed for said farm.

From a judgment in favor of appellee for $1,200 appellant appeals, and insists that the court erred in overruling his demurrer to each paragraph of the complaint, on the ground that the provision in the contract relative to damages on account of failure to carry out the contract must be considered as a penalty and not as liquidated damages.   In this contention appellant says: That the word "forfeit" as employed implies a penalty; that the words "liquidated damages" must yield to the word forfeit; and that arbitrarily fixing damages by contract in advance of an injury actually sustained, where the subject-matter is such that if injury should follow, the damages would not be uncertain nor difficult of proof, runs counter to the justice of the law, and in order to work out justice in this class of cases each contract will be construed, if possible, as calling for a penalty.   As said in *Walker, Admr.,* v. *Bement* (1911), 50 Ind. App. 645, 94 N. E. 339, "It is not always easy to distinquish between a penalty and liquidated damages, but it has been generally held by the courts that when the damages likely to be occasioned by the breach are uncertain, and the sum fixed to be recovered on such breach is not grossly excessive or unjust, it will be treated as liquidated damages, but if the damages likely to be occasioned by the breach are susceptible of certain proof, and the amount stipulated to be paid on such breach is in excess of that amount, it will be treated as a penalty."

This rule, however, is not applicable to a contract for the sale or exchange of real estate where the damages likely to arise on account of a breach are uncertain.   In such contracts it is proper for the parties in advance of a breach to estimate the damages consequent upon a breach and agree upon their

measure. Such an agreement, when entered into in good faith, will be enforced.

The words "damages," "penalty," "forfeiture," and "liquidated damages," when used in such contracts, are

2. not conclusive, but they will be duly considered in connection with all the other provisions of the contract in determining whether the stipulation as to damages, in case of a breach, shall be considered as a penalty or as liquidated damages. If upon the whole agreement the court can see that the sum stipulated to be paid was intended as a penalty, the designation of it by the parties as "liquidated damages" will not prevent this construction; if, on the other hand, the intent is plain that the sum shall be "liquidated damages," it will not be treated as a penalty because the parties have called it by that name. It is well settled, however, that if the event is at all doubtful, the tendency of the courts is in favor of the interpretation which makes the sum a penalty.

The presumption is that a lump sum named by the parties to a contract is a penalty rather than liquidated

3. damages. It is also held that, where there are covenants of varied kinds and importance, and the sum named is payable for the breach of any, even the least, it is a penalty. *Keck* v. *Bieber* (1892), 148 Pa. 645, 24 Atl. 170, 33 Am. St. 846; *Gower* v. *Saltmarsh* (1848), 11 Mo. 271; *Hathaway* v. *Lynn* (1889), 75 Wis. 186, 43 N. W. 956, 6 L. R. A. 551. Other cases state the rule to be, if a gross sum is stipulated to be paid for any failure to fulfill an agreement consisting of several parts, and requiring several things to be done or omitted, it is a penalty. 1 Southerland, Damages 525; *People* v. *Central Pacific R. Co.* (1888), 76 Cal. 29, 18 Pac. 90; *Staples* v. *Parker* (1864), 41 Barb. 648; *Sanders* v. *McKim* (1908), 138 Iowa 122, 115

N. W. 917; *Lyman* v. *Babcock* (1876), 40 Wis. 503; *Hough* v. *Kugler* (1872), 36 Md. 184; *Swift* v. *Crow* (1855), 17 Ga. 609; *Daily* v. *Litchfield* (1862), 10 Mich. 29; *Lansing* v. *Dodd* (1883), 45 N. J. Law 525; *Summit* v. *Morris Traction Co.* (1913), 85 N. J. Law 193, 88 Atl. 1048. Another rule which is almost universally recognized and acted upon is that where the payment of a smaller sum is secured by an agreement to pay a larger sum, the larger sum will be a penalty, and not liquidated damages. *Krutz* v. *Robbins* (1895), 12 Wash. 7, 28 L. R. A. 676, 50 Am. St. 871.

Pomeroy, Equity Jurisprudence (2d ed.) §§441-444, in discussing the subject of penalties and forfeitures, says the following are the rules which have been established by judicial authority: *"First.* Whenever the payment of a smaller sum is secured by a larger, the larger sum thus contracted for can never be treated as liquidated damages, but must always be considered as a penalty. *Second.* Where an agreement is for the performance or non-performance of only one act, and there is no adequate means of ascertaining the precise damage which may result from a violation, the parties may, if they please, by a separate clause of the contract, fix upon the amount of compensation payable by the defaulting party in case of a breach; and a stipulation inserted for such purpose will be treated as one for 'liquidated damages,' unless the intent be clear that it was designated to be only a penalty. *Third.* Where an agreement contains provisions for the performance or non-performance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon the violation of any or of all such provisions, and the sum will be in some instances too large and in others too small a compensation for the injury thereby occasioned, that sum is to be treated as a penalty, and not as liquidated damages. This rule has been laid down in a somewhat

different form, as follows: Where the agreement contains provisions for the performance or non-performance of acts which are not measurable by any exact pecuniary standard, and also of one or more other acts in respect of which the damages are easily ascertainable by a jury, and a certain sum is stipulated to be paid upon a violation of any or all these provisions, such sum must be treated to be a penalty. *Fourth.* Whether an agreement provides for the performance or non-performance of one single act, or of several distinct and separate acts, if the stipulation to pay a certain sum of money upon a default is so framed, is of such a nature and effect that it necessarily renders the defaulting party liable in the same amount at all events, both when his failure is complete, and when it is only partial, the sum must be regarded as a penalty, and not as liquidated damages. This rule plainly rests upon the same grounds as the third, and may be considered a particular application thereof."

Mr. Clark in his work on contracts, page 411, says: "In determining whether the sum named is a penalty or liquidated damages, the rules may be stated: (a) The court will not be guided by the name given it by the parties. (b) If the matter of contract is of certain value, the sum in excess of that value is a penalty. (c) If the matter is of uncertain value, the sum fixed is liquidated damages. (d) If the debt is to be paid by installments, it is no penalty to make the whole debt due on nonpayment of an installment. (e) If some terms of the contract are of certain value, and others are not, and the penalty applies to any of them, it is not recoverable as liquidated damages." Clark, Contracts 411.

"The real question in this class of cases will be found to be, not what the parties intended, but whether the sum is, in fact, in the nature of a penalty; and this is to be determined by the magnitude of the sum, in

connection with the subject-matter, and not at all by the words or the understanding of the parties. The intention of the parties can not alter it. While the courts of law gave the penalty of the bond, the parties intended the payment of the penalty as much as they now intend the payment of the stipulated damages; it must, therefore, we think, be very obvious that the actual intention of the parties, in this class of cases, and relating to this point, is wholly immaterial; and though the courts have very generally professed to base their decisions upon the intention of the parties, that intention *is not*, and *can not, be made the real basis of these decisions.*" *Jaquith* v. *Hudson* (1858), 5 Mich. 123.

This doctrine was in effect recognized in *Jaqua* v. *Headington* (1888), 114 Ind. 309, where it is said: "The form of the instrument does not control, for the courts will look beyond that to the subject of the contract and to the consequences that will probably flow from a breach of its terms or conditions."

But when the damages can be assessed almost as easily and as accurately as in the case of a bond for the payment of money, and they are fixed by the contract itself at an unconscionable sum, it is the plain duty of a court exercising equity powers to relieve against such injustice and treat the sum named as a penalty merely. *Clements* v. *Railroad Co.* (1890), 132 Pa. 445, 452; *Heard* v. *Bowers* (1839), 40 Mass. 455; *Fisk* v. *Gray* (1865), 93 Mass. 132; *Guerin* v. *Stacy* (1899), 175 Mass. 595.

As early as *Hamilton* v. *Overton* (1842), 6 Blackf. 206, 38 Am. Dec. 136, the Supreme Court of this state said: "Courts, not unfrequently, have found difficulty in drawing the line distinctly between penalties and liquidated damages. The intention of the parties must govern the construction of contracts in this particular, as well as in all other respects; and it may be laid down

as a general rule, (admitting, however, of some exceptions), that when the covenant or agreement itself denominates a specific sum a penalty, it will be so viewed by those whose duty it is to interpret the contract. *Smith* v. *Dickenson*, 3 B. & P. 630; *Astley* v. *Weldon*, 2 B. & P. 346, per Lord Eldon; *Tayloe* v. *Sandiford*, 7 Wheat. 13. But several cases have occurred, in which, though the parties themselves. have designated the sum to be paid on a breach of covenant as liquidated damages, it has been considered by the Court as a penalty, on the ground that from a view of the whole contract, such must have been the real meaning of the contractors. This is the doctrine where a specific pecuniary payment is secured by a larger sum. *Astley* v. *Weldon*, *supra*, per Chambre, J.—*Fletcher* v. *Dyche*, 2 T. R. 32. The same principle is applicable to covenants containing various stipulations of different degrees of importance—some for the payment of specific sums, and others sounding in uncertain damages—with a general provision that a large sum shall be paid for a violation of *any* of the stipulations."

In *Carpenter* v. *Lockhart* (1849), 1 Ind. 434, where the contract contained a number of stipulations, damages for the breach of some being uncertain, and of others certain and which provided if either party should fail in any particular to perform, the party failing should pay the other "$10,000 and no greater or smaller sum, as and for the damages occasioned by such failure," it was said: "Some of the rules for determining whether a sum shall be considered a penalty or liquidated damages are well settled. They are stated with precision in *Hamilton* v. *Overton*, 6 Black. 206, and the cases establishing them are there cited. One of those rules we understand to be, that where an agreement contains various stipulations of different degrees of importance, the damages for the breach of some of which

would be certain, and of others uncertain, and a large sum is expressed in the agreement as payable on the breach of any of the stipulations, such sum is always to be regarded a penalty and not liquidated damages. * * * The various stipulations in the agreement are also of vastly different degrees of importance, and the damages for a violation of some of them would be very trifling."

In *Dill* v. *Lawrence* (1887), 109 Ind. 564, Dill had entered into a contract with Lawrence to complete certain ditching by a fixed date according to certain plans or to "forfeit one hundred dollars thereon." The court construing the contract said: "The terms used in stating the contingency in which Dill shall pay one hundred dollars, constitute the stipulation a penalty, and it can not, therefore, be regarded as an agreement that the sum specified shall be taken as a provision for liquidated damages. The word 'forfeit' very clearly shows, as does the entire theory of the contract, that the one hundred dollars was stated as a penalty."

In *Streeper* v. *Williams* (1865), 48 Pa. 450, where the contention was as to whether the words "forfeit the sum of $500—say five hundred dollars, in case either party fail to comply with the terms of this agreement," was a penalty or liquidated damages, the court said: "Upon no question have the courts doubted and differed more. It is unnecessary to examine the numerous authorities in detail, for they are neither uniform nor consistent. No definite rule to determine the question is furnished by them, each being determined more in direct reference to its own facts than to any general rule. In the earlier cases, the courts gave more weight to the language of the clause designating the sum as a penalty or liquidated damages. The modern authorities attach greater importance to the meaning and intention of the parties. Yet the intention is not all-controlling, for in

some cases the subject-matter and surroundings of the contract will control the intention where equity demands it."

This statement was approved by the court in *Wilkinson* v. *Colley* (1894), 164 Pa. 35, where it was said: "No definite rule to determine whether the stipulated sum is a penalty or liquidated damages, is or can be laid down, without, in many cases, disregarding the principles on which equity is administered.    *   *   *   The sum of the authorities in our own state is, that the intent of the parties in most cases, but not in all, will determine whether the sum stipulated is a penalty or liquidated damages.   Calling it a penalty is some evidence that it was so intended, but this is overcome, if equity demands it shall be treated as liquidated damages.   And that, in determining the equities of the particular case, the relation which the sum bears to the extent of the injury provided against, will be considered.   That where a number of covenants, and the sum named would be payable for a breach of any one of them, even the least, it is a penalty."   This rule is applied in *Boulware* v. *Crohn* (1907), 122 Mo. App. 571, 585, where it is said:   "If there are several covenants in the contract of different degrees of importance, and the same sum is stipulated to be paid for a breach of either, the courts incline to treat the sum as a penalty, and in case of the breach of a covenant to assess no greater damage than will compensate the obligee."

So in *Watt's Exrs.*, v. *Sheppard* (1841), 2 Ala. 425, 445, it is said:  "Where articles covenant for the performance of several things, and stipulate for the payment of a sum is gross in the event of a breach, the sum expressed must be considered as a penalty.   And, if the parties would stipulate the damages in such a case, they would express the sum to be paid upon each distinct breach."   See also, *Guerin* v. *Stacy, supra; Fisk*

v. *Gray*, *supra*; *Heard* v. *Bowers*, *supra*; *Astley* v. *Weldon* (1801), 2 B. & P. 346; *Kemble* v. *Farren* (1829), 6 Bingh. 141; *Madler* v. *Silverstone* (1909), 55 Wash. 159; 4 Page, Contracts §2125.

In *Chicago House-Wrecking Co.* v. *United States* (1901), 106 Fed. 285, 53 L. R. A. 128, the court quoting from *Beale* v. *Hayes* (1851), 5 Sandf. 640 says: " 'When consequences so unreasonable would follow, the law presumes that they must have been overlooked by the parties, and therefore mercifully gives to their language an interpretation which excludes them.   When it would be plainly unconscientious to exact a large sum for a trivial breach, even a court of law, acting upon a principle of equity, will release the parties from the literal obligation which their language imports.' "

In *Condon* v. *Kemper* (1891), 47 Kan. 126, 13 L. R. A. 671, 27 Pac. 829, Condon had entered into a contract to build a wall, etc., or at his election to remove a certain house three feet, and put it in as good condition as it was before, and on failure of Condon to perform as he agreed, Kemper should be entitled to $500 as liquidated damages.   The court held that the $500 must be treated as a penalty saying:   "But suppose that Condon had removed the building, and then have failed to put the same in as good condition as it was before the contract, but the actual damage might not have been $25.   Then, should the plaintiff, Kemper, recover the sum of $500?   Or suppose that Condon had removed the house, and attempted to put it in as good condition as it was before, but had failed to repair the lock, or some portion of the plastering, or broken a window, which repairing might not have cost $1; then should Kemper have the right to recover the said sum of $500? All this shows that the parties did not have in contemplation the matter of actual compensatory damages when they stipulated that Kemper might recover $500

from Condon as liquidated and ascertained damages, in case of a breach of the contract, but shows that in fact, though not in words, they fixed the sum of $500 as a penalty."

Let us apply this line of reasoning to the instant case. By the contract under consideration, appellant agreed to do several things. He agreed to sell the farm 4. to appellee for $13,200, to accept the Hartford City lot in lieu of $1,200 cash, to furnish an abstract showing good title, to pay certain ditch assessment when the same became due. It may be said that the agreement relative to the acceptance of the said lot in lieu of $1,200, and the furnishing of an abstract of title was so intimately connected with the agreement to sell so as to make them a part of the agreement to sell, and that they cannot be held to be separate and independent stipulations of the contract. But this is not true as to the agreement to pay the ditch assessment. The consummation of the sale of the farm depended upon the acceptance of the lot in lieu of $1,200, and the furnishing of the abstract. But suppose, for some reason there had been a defect in appellant's title to the farm and for that reason he had been unable to have furnished an abstract showing a good title, would he have not breached his contract and be liable under his agreement to forfeit to appellee $1,200 as liquidated damages, if it be held they so agreed? Or suppose he had furnished the abstract as he agreed to do, and that the sale and exchange had been completed and possession of the farm had been surrendered to appellee, but that months later he had failed to pay a ditch assessment, amounting to say $100. Or suppose he had paid all of this assessment except $10. If the contract is to be strictly construed and enforced as written, his failure to pay even the $10 would subject him to the payment of $1,200, as liquidated damages. But as said by the

court in *Smith* v. *Newell* (1896), 37 Fla. 147, "The courts will never so construe the terms of such contracts as to permit them to lead to such unconscionable and inequitable results." The amount of the ditch assessment was a matter of record, was certain and measured in money. And being certain in amount the agreement to forfeit $1,200 in case of a failure to perform, must in so far as it relates to the agreement to pay for the ditch assessment be construed as a penalty and not as liquidated damages. And being a penalty as to one of the stipulations, it must be held to be a penalty as to all. *Chicago, etc., R. Co.* v. *Dockery* (1912), 195 Fed. 221; *Lansing* v. *Dodd, supra*. As heretofore stated it has been held that a sum fixed as security for the performance of a contract containing a number of stipulations of widely different importance, breaches of some of which are capable of accurate valuation, for any of which breaches the stipulated sum is an excessive compensation, is a penalty. *Smith* v. *Newell, supra; Carter* v. *Strom* (1889), 41 Minn. 522; *Johnson* v. *Dittes* (1917), 137 Minn. 175.

In harmony with the authorities heretofore cited, we hold that the sum named in the contract as liquidated damages, is a penalty and that the court erred in overruling the demurrer to each paragraph of complaint.

Judgment reversed with direction to sustain the demurrer to each paragraph of complaint and for further proceedings, not inconsistent with this opinion.