## JEFFRIES *v.* LESH.

[No. 24,176. Filed October 17,. 1924. Rehearing denied December 19, 1924.]

1. DAMAGES.— *Liquidated Damages.— Contract Construed.— Breach of all Covenants Required.*—A contract for the purchase and sale of real estate requiring either party "who shall fail or refuse to comply with the provisions of this contract, on his part to be performed", to pay a specified sum to the other party, was construed to require a breach of all the covenants of the contract on his part before the liquidated damages were due. p. 506.

2. DAMAGES.—*Liquidated Damages or Penalty.—Rule Stated.*— Where a contract contains several stipulations of various degrees of importance, the damages for the breach of some of which would be certain and of others uncertain, and a large sum is expressed in the contract as payable on the breach of any of the stipulations, such sum is regarded as a penalty and not liquidated damages.    p. 506.

3. DAMAGES.—*Liquidated Damages Stipulated in Contract.— Actual Damages May be Recovered.*—Where a contract for the purchase and sale of real estate provides for the payment of a stipulated amount as "liquidated damages," for the breach of any one of numerous covenants thereof, and the damages for the breach of some of the covenants would be easily ascertainable and the amount specified would be unreasonable as compensation therefor, the amount specified would be in the nature of a forfeiture or penalty, which would not be enforced, but the actual damages may be recovered.    p. 506.

From Wells Circuit Court; *Frank W. Gordon,* Judge.

Action by Earl Jeffries against Henry A. Lesh. From a judgment for defendant, the plaintiff appeals.    *Affirmed.*

*George Mock,* for appellant.

GAUSE, J.—This was an action brought by appellant against appellee to recover the sum of $5,000, being the sum named as liquidated damages in a contract between the parties, relating to the purchase and sale of certain real estate.

A demurrer was sustained to appellant's complaint and this is the ruling complained of.

It appears from the averments of the complaint that on March 13, 1920, the parties entered into a written contract, by the terms of which, appellee, who was named as the first party, agreed to convey to appellant, the second party, a certain farm in Wells county, Indiana, for the sum of $27,600. A sufficient warranty deed for the same was to be delivered on or before March 1, 1921, at which time possession was to be delivered.

Notes were to be executed for $5,000 of the purchase money at the time the contract was executed, and the balance of the purchase money to be paid when the deed was delivered. Appellant was to pay the taxes for the year 1920. Appellee was to furnish, on or before December 1, 1920, an abstract of title showing a merchantable title free and clear of all encumbrances, and allow appellant a reasonable opportunity to have the same examined.

Said contract contained the following provision as to damages for a breach thereof: "That time is of the essence of this contract and that either party hereto, who shall fail or refuse to comply with the provisions of this contract, on his part to be performed, shall forfeit and pay to the other party the sum of $5,000, which sum is hereby fixed and agreed upon as the liquidated damages to be sustained by either party from failure or default upon the part of the other."

On January 29, 1921, before the time fixed for the execution of the deed or the completion of the contract, appellant commenced this action, alleging that appellee had failed to furnish appellant, on or before December 1, 1920, a complete abstract of title brought down to date, showing a merchantable title, free and clear of any encumbrances and to allow appellant a reasonable opportunity to have said abstract examined. This is the only breach alleged, and, for such alleged breach, appellant seeks to recover the $5,000 specified in said contract as liquidated damages. No actual damages are alleged, so that the complaint if it is sufficient to withstand a demurrer, must show appellant entitled to recover the entire amount of alleged liquidated damages.

If the contract is to be construed as providing for the payment of the liquidated damages only upon a breach of the entire contract by one of the parties, then it is apparent there can be no recovery by appellant in this

case, because it is not alleged that the stipulation of appellee to convey the land by a good and sufficient warranty deed was breached and, as we have pointed out, this suit was instituted before the time fixed for the completion of the contract. But appellant is claiming that the breach of the single covenant to furnish an abstract before a certain date entitles him to recover the entire amount specified as liquidated damages.

It does not seem to us that the contract will bear the construction that the damages specified shall be payable for a breach of each separate stipulation in the contract. The language of the contract is, "that either party who shall fail or refuse to comply *with the provisions* of this contract, on his part to be performed, shall forfeit and pay to the other party the sum of $5,000 * * *." This certainly does not mean that if appellant failed to pay the taxes for 1920, as stipulated, he should forfeit $5,000; or that if appellee should be thirty days late in surrendering possession, he should forfeit $5,000; or if he should be a few days late in furnishing an abstract, the sum would be due.

But if the contract is given the construction appellant contends for, and that, for the breach of any stipulation of the contract, the sum specified is to be paid, then we are forced to hold that the provision for the forfeiture of $5,000 upon the breach of any of the covenants is in the nature of a penalty and not damages.

The rule is well settled that where a contract contains several stipulations of various degrees of importance, the damages for the breach of some of which would be certain and of others uncertain, and a large sum is expressed in the agreement as payable on the breach of any of the stipulations, such sum is to be regarded as a penalty and not liquidated damages. *Carpenter* v. *Lockhart* (1849), 1 Ind. 434;

1 Sutherland, Damages (4th ed.) p. 294; 8 R. C. L.
571. *Merica* v. *Burget* (1905), 36 Ind. App. 453 (465).
For the breach of some of the stipulations of the con-
tract, the damages would be easily ascertainable and the
amount specified would be unreasonable as compensa-
tion therefor. Under such circumstances, the amount
specified to be paid for each breach, if the contract bears
such a construction, would be in the nature of a for-
feiture or penalty, which will not be enforced. The
party damaged by such a breach has his recourse to
recover his actual damages.

In this case, no actual damages are shown, and since
the complaint does not entitle appellant to recover the
amount specified in the contract, no error was commit-
ted in sustaining the demurrer thereto.

Judgment affirmed.