## CALVERT v. PRICE.

[No. 11,917.    Filed December 12, 1924.]

1. DAMAGES.—*Stipulation in contract for "liquidated damages" for breach of contract construed as penalty.*—A stipulation in a contract that on a breach thereof, one of the parties should pay the other a stated amount as "liquidated damages" is not conclusive that it was intended that the damages should be considered liquidated; when it appears from the whole contract that the sum stipulated was intended as a penalty, it will be so construed.  p. 252.

2. DAMAGES.—*"Liquidated damages" or penalty, rule stated.*— Where an agreement contains provisions for the performance by one of the parties of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon the violation of any or all of such provisions, and the sum would be, in some instances, too large a compensation for the injury thereby occasioned, and, in some instances, too small, the designated sum should be treated as a penalty and not as liquidated damages.  p. 252.

3. DAMAGES.—*Contract for the sale of real estate providing for payment of "liquidated damages," on breach of certain conditions, held to be penalty.*—A contract for the sale of real estate requiring the vendor to furnish an abstract showing merchantable title, to convey the real estate free from incumbrance by a certain date, to pay certain taxes, and to give possession on or before a named date, which contains a provision that, on a breach of the contract in any of the particulars, he should pay the purchaser a stipulated sum as "liquidated damages," will be construed as providing a penalty, and not that the damages have been liquidated.  p. 252.

From Greene Circuit Court; *Thomas VanBuskirk,* Judge.

Action by Charles A. Price against John W. Calvert. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*E. W. McIntosh,* for appellant.

REMY, J.—On June 24, 1922, appellant and appellee entered into a written contract, by the terms of which, appellant agreed to sell and convey to appellee a certain tract of land for $2,550, to be paid $500 cash upon the

execution of the agreement, receipt of which was acknowledged, remainder, with interest, to be paid in six annual installments. Appellee was to furnish abstract showing merchantable title to the real estate in himself, was to make conveyance of the land free from taxes for the year 1921, and to give appellee possession on or before March 1, 1923. It was also stipulated in the contract that if appellant failed to comply with the terms of the agreement, he was to pay to appellee "———— dollars as liquidated damages." Appellant failed to carry out the contract, and appellee commenced this suit to reform the contract, and to recover $500 as liquidated damages, it being averred in the complaint that the parties had agreed that in the event appellant failed to comply with the terms of the contract, he was to forfeit to appellee the sum of $500 as liquidated damages; and that, by mutual mistake, the designation of the amount of such damages was omitted from the contract. No specific damages sustained by appellee were averred.

A demurrer to the complaint for want of sufficient facts was overruled. The cause having been put at issue, a trial resulted in a reformation of the contract as prayed, and a judgment for the damages stipulated in the contract as reformed.

That the complaint is sufficient as a complaint for reformation of the contract is not controverted; but it is urged that the pleading, as a complaint for damages, is insufficient to withstand the demurrer for want of facts, for the reason that the provision of the contract relative to damages for failure to carry out the contract must be considered as a penalty and not as liquidated damages. If appellant is right in this contention, the judgment must be reversed, otherwise affirmed.

The parties by their contract designated the sum to be recovered for breach as "liquidated damages." Such

designation, however, is not conclusive. If, from the whole contract, it clearly appears that the sum stipulated was intended as a penalty, it will be so construed. *Tudor* v. *Beath* (1921), 76 Ind. App. 526, 131 N. E. 848. It is a well-settled general rule of construction that where an agreement contains provisions for the performance or nonperformance of several acts of different degrees of importance, and then a certain sum is stipulated to be paid upon the violation of any or all of such provisions, and the sum will be, in some instances, too large, and, in others, too small, a compensation for the injury thereby occasioned, the designated sum is to be treated as a penalty, and not as liquidated damages. Pomeroy, Eq. Jur. §443; *Tudor* v. *Beath, supra; Jeffries* v. *Lesh* (1924), 195 Ind. 503, 144 N. E. 881. By the terms of the contract under consideration, appellant was required to furnish abstract showing merchantable title, to convey the real estate free from incumbrance by a certain date, to pay certain taxes, and to give possession on or before a named date. Clearly these provisions place the contract within the above rule, and the sum named in the contract as liquidated damages must, therefore be construed as a penalty.

It appears from the record that, on the trial, no evidence was introduced tending to show that appellee sustained any actual damages because of the breach, and that the cause was tried upon the theory that the contract authorized a recovery of liquidated damages. It follows that the action of the court in overruling the demurrer was reversible error.

Judgment reversed, with instructions to sustain the demurrer to the complaint.