Robert S. RAJSKI and Mary L. Rajski,
Defendants-Appellants,

v.

George TEZICH, James Hall and Meadowview Third Addition Homeowners
Association, Plaintiffs-Appellees.

No. 71A03–8612–CV–334.

Court of Appeals of Indiana,
Third District.

Oct. 29, 1987.
Rehearing Denied Feb. 10, 1988.

James A. Masters, Nemeth & Masters, South Bend, for defendants-appellants.

Richard D. Bonewitz, Hammerschmidt, Bonewitz & Amaral, South Bend, for plaintiffs-appellees.

GARRARD, Presiding Judge.

Robert and Mary Rajski purchased a home in Meadowview Third Addition. The subdivision was subject to a number of restrictive covenants adopted in 1968 by the developers and original homeowners in Meadowview.

When Rajskis commenced construction of a detached two car garage in violation of the restrictions, neighbors advised them of their potential violation. The architectural committee of the Homeowners Association met to review Rajskis' plans and made suggestions to them to bring the building closer to conformity with the restrictions. At that time the only work completed was the concrete slab. Despite their failure to have approval, Rajskis told their contractor to go ahead with construction. He did so and the garage was completed.

On August 2, 1985, George Tezich, a homeowner in the addition and president of the Meadowview Third Addition Homeowners Association, sent Rajskis a notice by certified mail demanding removal of the garage within thirty days and invoking penalty provisions provided in the subdivision restrictions.

Subsequently, Tezich commenced this action for injunction, attorneys fees and liquidated damages. Trial to the court resulted in an order that the garage be attached to the home or removed, an award of $3,750 attorneys fees and an award of liquidated damages in the amount of $2,930 to the date of judgment, together with ten dollars per day for each day the garage remained in violation of the restrictive covenants. Rajskis appeal.

They raise three contentions of error. First, they claim the notice they received was a condition precedent to liability for attorney fees and liquidated damages. They assert the notice was defective because it was given by Mr. Tezich exclusively in his capacity as president of the homeowners association.

The restrictive covenants applicable to the subdivision provide that the restrictions may be enforced by any property owner in the subdivision.[1] In addition, they provide:

"In addition to the foregoing [right to sue for injunction] and not in limitation thereof, in the event that a violation of the restrictions and covenants contained herein occurs, and, in the event that the person or persons committed the violation fail to cure or terminate the violation within 30 days of notice to cure or terminate given by certified mail by any person having a right to enforce these covenants and restrictions, such person or persons committing such violation shall be liable for liquidated damages in the sum of $10.00 per day for each day during which the violation continue[s] together with attorney fees and court costs. Such liquidated damages shall be payable to the Meadowview Third Addition Home Owners Association but, in no event shall such damages exceed the total value of the real estate, together with improvements, upon which the violation occurs. This covenant to operate prospectively only and not to be applicable to improvements constructed prior to this date."

■ We agree with Rajskis' assertion that a right belonging to a person in his individual capacity may not be enforced by that person while acting exclusively in some representative capacity. On the other hand, where it appears that the person is seeking to act in both capacities, the requirements of standing are satisfied. *Taylor v. Fickas* (1878), 64 Ind. 167 (suit brought as administrator but recital in complaint that person was also the heir who had standing).

■ It is undisputed that Tezich was, in fact, one of the lot owners entitled to bring suit and to give notice. Rajskis assert that the notice was given exclusively in Tezich's capacity as an officer (agent) of the homeowners association because below his sig-

1. Prior to trial the court ruled that the homeowners association lacked standing to act as a party plaintiff in the action. That ruling has not been challenged on appeal.

nature was his typed name followed by "President, Meadowview Third Addition Homeowners Association." Rajskis cite no authority for this proposition, and Tezich does not address it.

The question is whether a person's designation by his signature that he is an officer or agent of an organization, without more, as a matter of law limits his role concerning that document to a representative one. The traditional view, accepted in Indiana, is that it does not. Rather it is considered to be *descriptio personae* and does not prevent the inference that the person in question is acting in his individual capacity. *Avery v. Dougherty* (1885), 102 Ind. 443, 2 N.E. 123; *Jackson School Twp. v. Farlow* (1881), 75 Ind. 118, 123. Extrinsic evidence is admissible on the issue. *Second Nat. Bank v. Midland Steel Co.* (1900), 155 Ind. 581, 58 N.E. 833. Here the court concluded that Tezich was acting in both capacities and the evidence sustains that determination.

 Rajskis' next assert that the provision for liquidated damages contained in the restrictions is a penalty and should therefore be declared unenforceable. We are constrained to agree.

Both sides rely upon *Beiser v. Kerr* (1939), 107 Ind.App. 1, 20 N.E.2d 666 for a general statement of the rule as to when a provision will be construed as a penalty and unenforceable, or as liquidated damages and enforceable. *Compare Raymundo v. Hammond Clinic Ass'n.* (1983), Ind., 449 N.E.2d 276 which interprets *Beiser* in the context of covenants against competition.

We agree that reasonableness is the touchstone so long as the facts otherwise sustain the conclusion that the parties were in good faith attempting to agree upon reasonable liquidated damages rather than merely imposing a penalty.

Three undisputed facts combine in the present case to lead us to conclude a penalty was intended by the provision before us.

First of all the provision was not the result of direct negotiations between the Rajskis and the proprietors of the plat or the other lot owners. Thus, there is missing an inference of mutual personal intent in creating the provision that true liquidated damages were intended.

Secondly, and very significantly, the covenant imposed the penalty of $10 per day up to and including the total value of the real estate and improvements for *any* violation of the restrictions, whether serious or trivial, and ranging throughout the multiple promises covering one-family use, residential purposes, size, design and location of a garage, re-subdividing, building construction, minimum cost, set back lines, temporary structures, fences, signs, etc. down to and including the type of garbage cans approved for use by lot owners.

The general rule of construction is that where a stipulated sum is made applicable to multiple promises of varied kinds and importance, then a penalty has been imposed. *Calvert v. Price* (1924), 82 Ind.App. 250, 145 N.E. 558; *Tudor v. Beath* (1921), 76 Ind.App. 526, 131 N.E. 848; *see also Mandle v. Owens* (1975), 164 Ind.App. 607, 330 N.E.2d 362; annot. 48 A.L.R. 899, 906.

Thirdly, the damages in question were not payable to the property owners in the subdivision but were to be paid to the homeowners association. Such a provision is at odds with the notion of providing compensation to interested parties for actual injuries.

We conclude the provision was for the payment of a penalty of ten dollars per day and, as such, was unenforceable. That portion of the judgment must therefore be vacated.

 Finally, Rajskis argue that the court erred in its award of attorney fees in the amount of $3,750. They contend this sum was excessive because Messrs. Tezich and Hall personally only paid two hundred dollars of counsels' fees and because part of the fee might represent counsels' efforts in defending against their counterclaim rather than in prosecuting the action.

In support of the first of these contentions Rajskis urge that Tezich and Hall each initially contributed only $100 toward the employment of counsel. In fact an exhibit introduced in evidence indicates

that Tezich, Hall and eighteen other property owners in the subdivision each contributed $100 to the homeowners association as an assessment at the outset of the litigation.

We are, of course, aware of the authorities that indicate there can be no liability under a contractual provision for the payment of attorney fees when no liability to pay attorney fees was in fact incurred by the claiming party. *See, e.g., Winslow Gas Co. v. Plost* (1918), 69 Ind.App. 611, 122 N.E. 594.

Rajskis have failed to bring themselves within the operation of that rule. Exhibit J and the testimony explaining it disclosed that at a meeting of the homeowners association it was unanimously agreed that suit should be instituted. Twenty homeowners each contributed $100 to employ an attorney for that purpose. There was, however, no evidence that the attorney agreed to accept for his services any sum less than the amount awarded by the court. There was no evidence that Messrs. Tezich and Hall were not liable for the full amount of his services, and there was no evidence concerning the rights or status of the other contributing lot owners or, for that matter, as to how their contributions had been expended.[2]

Thus, under the evidence presented, the court was amply justified in making the award since the evidence failed to establish either that the attorney agreed to a lesser sum or that the plaintiffs were not liable for his fees.

■ As to the contention that a portion of the fee may have represented work opposing Rajskis' counterclaim, it comes too late. No objection was made at trial on this ground to the evidence presented to establish a reasonable fee. Neither was counsel cross examined on the point although he testified to his services. Rajskis may not sit idly by at trial, and then on appeal successfully contend that the matter should have been explored. The evidence sustains the decision.

Accordingly, we vacate the award of sums denominated liquidated damages and in all other respects affirm the judgment.

Modified and affirmed. Costs taxed two thirds to appellants and one third to appellees.

HOFFMAN and CONOVER, JJ., concur.

---

2. We do not imply anything concerning the propriety of these contributions as coming from interested parties or the impact such contributions have upon a right to recover attorney fees. The issue has not been briefed by the parties and since, on the state of the record, it is not critical to resolution of the assigned error, we have determined that it should be left until fairly presented to the court.