WILLIAM DEE MANDLE AND EILEEN L. MANDLE *v.* H. JOSEPH OWENS AND KATHRYN J. OWENS.

[No. 976S280. Filed September 1, 1976.]

*Norman L. Lowery, Rosenfeld, Wolfe, Frey & Lowery,* of Terre Haute, for appellants.

*Myrl O. Wilkinson, Dix, Patrick, Ratcliffe & Adamson,* of Terre Haute, for appellees.

DISSENTING OPINION ON DENIAL OF TRANSFER

HUNTER, J.—I dissent to the denial of transfer in this case. It is my belief that the Court of Appeals erred in its determination that the "earnest money" provision in the sales contract between the Mandles and Owenses was a penalty clause rather than an agreement upon liquidated damages.

The term "earnest money" comes to us from the civil law and is defined: "[a] sum of money which one of the contracting parties delivered to the other at the time of the contract, and presumed to be a forfeit, in the absence of evidence that the parties intended to bind themselves by an irrevocable contract." 28 C.J.S. *Earnest Money* (1941).

The determination that earnest money is liquidated damages and that the purchasing party can escape performance by forfeiture of the earnest money is well established in Louisiana law. Although the civil law differs considerably from common law, I believe that in this instance the logic of the civil law should be followed:

"An agreement for the sale of real estate, which contemplates the passing of the property not immediately and by virtue of the agreement, but by an act to be executed at a later date, and which contains all the elements of a sale, such as the price, the property and the consent of the parties, is merely a promise of sale, unless the intention of the parties clearly indicates that the agreement itself is to constitute a completed sale.

"As there was no completed sale, and as the parties contemplated the completion of the sale in the future by the execution of a deed transferring the ownership, the contract in this case, according to the following cases, must be construed as a contract or promise of sale and not a completed sale, and the amount deposited must be considered as earnest money, and the purchaser limited to the recovery of the earnest money." *Noto* v. *Blasco,* (1940) 198 So. 429 (La. App.).

The contract entered into by the Mandles and Owenses provided in pertinent part:

"We hereby deposit with you earnest money in the sum of Three Hundred ($300.00) Dollars, to be applied as part of the purchase price for said real estate at the time of delivery of deed.

"This proposition shall be treated as made to the owner of said property, and shall remain open for acceptance for the period of ten (10) days from this date and if accepted, the above amount is to apply as part of purchase price, and if refused same is to be refunded. *If offer is accepted and we fail to complete the purchase of the real estate herein men-*

tioned as provided herein, the amount of Three Hundred ($300.00) dollars will be forfeited to you." [Emphasis added.]

The Owenses notified the Mandles on August 8, 1972, that they had found another home and were not going to purchase the Mandle house. The agreement had been entered into on July 24, 1972.

The courts of Indiana have, in the past, recognized that many provisions providing damages in the case of breach of an agreement are actually penalty clauses and, therefore, void. However, in such cases the damages provided by agreement were excessive in relation to those actually suffered by the non-breaching party. The actual language quoted by the Court of Appeals indicates this to be true:

> "It is not always easy to distinguish between a penalty and liquidated damages, but it has been generally held by the courts that when the damages likely to be occasioned by the breach are uncertain, and the sum fixed to be recovered on such breach is not grossly excessive or unjust, it will be treated as liquidated damages, *but if the damages likely to be occasioned by the breach are susceptible of certain proof, and the amount stipulated to be paid on such breach is in excess of that amount, it will be treated as a penalty.*
>
> \* \* \*
>
> "*This rule, however, is not applicable to a contract for the sale or exchange of real estate where the damages likely to arise on account of a breach are uncertain.* In such contracts it is proper for the parties in advance of a breach to estimate the damages consequent upon a breach and agree upon their measure. Such an agreement, when entered into in good faith, will be enforced." *Mandle* v. *Owens*, (1975) Ind. App., 330 N.E.2d 362 at 364, quoting *Tudor* v. *Beath*, (1921) 76 Ind. App. 526, 131 N.E. 848.

In fact *Tudor* would appear to explicitly exclude contracts for the sale or exchange of real estate. The damages provided in the contract between the Owenses and the Mandles certainly are not excessive to that loss suffered by the Mandles. Nor was the amount agreed upon unreasonable in light of the value of the property.

The Court of Appeals in its opinion states that it is unable to determine the meaning of the parties, and because the Owenses' attorney prepared the contract, the contract should be construed against them. I think the intent of the parties is clear. The Owenses had reserved the right to breach the contract by losing the three hundred dollars ($300.00) paid in earnest money.

To force a party to pay over twenty-five hundred dollars ($2,500.00) in damages, when it was their belief that if they chose not to abide by the agreement to purchase the cost to them would be three hundred dollars ($300.00), is in this instance an unduly harsh result. Considering the small amount of time which elapsed from the signing of the agreement until notification of its breach, the substantial increase in damages now owed by the Owenses and the meaning generally applied to earnest money, it is my belief that the Court of Appeals erroneously assessed damages above those provided by the contract.

For these reasons, I dissent from the denial of transfer and would grant transfer and rewrite the decision of the Court of Appeals.

DeBruler, J., concurs.

NOTE.—Reported at 353 N.E.2d 465.