MONARCH INDUSTRIAL TOWEL AND UNIFORM RENTAL, INC. *v.* MODEL COVERALL SERVICE, INC.

[No. 3-376A59. Filed November 2, 1978.]

---

1. *See* IC 33-9-1-4.
2. IC 34-1-58-1; Ind. Rules of Procedure, Original Actions Rules; *see Corbin v. State,* (1957) 237 Ind. 293, 145 N.E.2d 170.

*John T. Mulvihill, Thornburg, McGill, Deahl, Harman, Carey & Murray*, of South Bend, for appellant.

*Edward A. Chapleau, Chapleau, Roper, McInerny, Minczeski & Farabaugh*, of South Bend, for appellee.

HOFFMAN, J. — Plaintiff-appellant Monarch Industrial Towel and Uniform Rental, Inc. (Monarch) filed a complaint of tortious interference with a contractual relationship against Model Coverall Service, Inc. (Model). Monarch alleged that Model committed said tort by inducing Emmert Trailer Company (Emmert) to breach its uniform rental service contract with Monarch. (Emmert executed a similar contract with Model after terminating the contract with Monarch).

Following Monarch's presentation of evidence at trial, the trial court granted Model's motion for judgment on the evidence, pursuant to Ind. Rules of Procedure, Trial Rule 50. Monarch perfected this appeal arguing that the court erred in granting Model's motion for judgment on the evidence and in refusing to allow Monarch to reopen its case.

Indiana recognizes the tort of interference with contract relationships by inducing a breach of contract and has defined the essential elements which must be proved for recovery under such an action in *Daly v. Nau* (1975), 167 Ind.App. 541, at 549, 339 N.E.2d 71, at 76, as follows:

"(1)  existence of a valid and enforceable contract;
(2)  defendant's knowledge of the existence of the contract;
(3)  defendant's intentional inducement of breach of the contract;
(4)  the absence of justification; and
(5)  damages resulting from defendant's wrongful inducement of breach."

Model's TR. 50 motion was grounded upon the lack of proper evidence as to damages. But it is well established that the judgment of the trial court will be affirmed on appeal if sustainable on any basis. *Ertel v. Radio Corporation of America* (1976), 171 Ind.App. 51, at 54, 354 N.E.2d 783, at 785. The evidence presented by Monarch failed to prove that Model intentionally induced Emmert to breach the contract with Monarch. Rather, the evidence shows that Em-

mert was dissatisfied with the service that Monarch was providing and had been looking at other rental services. The evidence is that Model approached Emmert to inquire as to whether Emmert was being supplied with a uniform rental service and that the Model sales representative was told that Emmert was not happy with the present supplier and intended to cancel the contract. And there was no evidence that Model offered any inducements to Emmert in the form of a better price or better services. Rather, the evidence is that there was no discussion of prices until Emmert had already given Monarch notice of termination of the contract and that the price Emmert was paying under its contract with Model was higher than that it had paid under the contract with Monarch.

To sustain a judgment for defendant on the evidence, the evidence must be without conflict and susceptible of but one inference in favor of the moving party. If there is any evidence or legitimate inference therefrom tending to support at least one of plaintiff's allegations, a directed verdict should not be entered. *Huff v. Travelers Indem. Co.* (1977), 266 Ind. 414, at 421, 363 N.E.2d 985, at 990. The evidence presented at trial clearly showed that Emmert elected to terminate the contract with Monarch and made the decision independent of Model's approach and subsequent contract with Emmert. There was no evidence from which an inference of intentional inducement to breach on the part of Model could be drawn.

*See: Daly v. Nau, supra;*

> *Tenta v. Guraly* (1966), 140 Ind.App. 160, at 174, 221 N.E.2d 577, at 584.

Inasmuch as Monarch failed to prove inducement to breach, this Court need not discuss the sufficiency of the evidence as to the damages incurred by Monarch due to the breach of contract by Emmert or Monarch's argument that granting the TR. 50 motion denied Monarch its rights to have the jury consider punitive damages.

Finally, whether the court erred in refusing to allow Monarch to reopen its case to present additional evidence as to the net profit it would have earned had the contract been completed is a question this Court does not decide. Error, if any, was harmless since that evidence could

not have prevented the failure of the plaintiff's case on the essential element of intentional inducement to breach the contract. *See: Smith v. Kauffman* (1977), 174 Ind.App. 222, at 231-2, 366 N.E.2d 1195, at 1200.

The judgment is affirmed.

Affirmed.

Staton, J. concurs.

Chipman, P.J., Participating by designation, concurs.

NOTE—Reported at 381 N.E.2d 1098.

J.Y. *v.* D.A.