983 F.2d 1072
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Newman JOHNSTON, III and Phillip C. Asher, doing business as
Worldwide Collections, a general partnership,
Plaintiffs-Appellants,
v.
Lincoln J. BUMBA, James Diiorio, Dorothy Diiorio, et al.,
Defendants-Appellees.
 No. 91-2235.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1992.*
Decided Dec. 17, 1992.
 
 Before BAUER, Chief Judge, CUMMINGS, Circuit Judge, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 The plaintiffs sued Lincoln J. Bumba[1] in an effort to recover the balance due on a promissory note he executed for the purpose of acquiring an interest in Aqua-Solar Associates Limited, a limited partnership whose business was to lease solar hot water heating systems. The district court ruled in favor of Bumba on two independent grounds: (1) that the plaintiffs violated the federal securities laws,[2] and (2) that the plaintiffs failed to prove the amount due on the note. 764 F.Supp. at 1284. The plaintiffs dispute at length the district court's first conclusion, yet they fail completely to contest the second, alternate ground for finding in favor of Bumba.
 
 
 2
 The plaintiffs' failure to contest the district court's alternate ground for finding in favor of Bumba precludes them from succeeding on appeal. Even if we were to accept all of their arguments with respect to the securities-law issue, their failure to address the damages issue means that they have abandoned it. Bower v. Jones, 978 F.2d 1004, 1010 (7th Cir.1992); Beraha v. Baxter Health Care Corp., 956 F.2d 1436, 1441 n. 5 (7th Cir.1992); cf. Fed.R.App.P. 28(a)(4) (the appellant's brief "shall contain the contentions of the appellant with respect to the issues presented"). Where the appellant has abandoned an issue that is dispositive of the appeal, the judgment of the district court must be affirmed. Atwood v. Union Cambridge Corp., 847 F.2d 278, 280 (5th Cir.1988) (per curiam) (appellants were required to raise an issue that constituted an independent ground for dismissal below in order to have any chance of prevailing on appeal), cert. denied, 489 U.S. 1079 (1989); cf. A.V. Consultants, Inc. v. Barnes, 978 F.2d 996, 1002 (7th Cir.1992) (challenge to entry of summary judgment, which the district court had granted based partly on the at-will nature of the contract, failed because there was an independent ground for granting summary judgment that the appellant had not challenged); Cook v. Navistar Int'l Transp. Corp., 940 F.2d 207, 214-15 (7th Cir.1991) (challenge to exclusion of rebuttal evidence failed because appellant failed to address one of district court's alternative grounds for its exclusion). Thus, the judgment of the district court is
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 As explained by the district court, Bumba's case was
 essentially identical to 17 other suits brought by the plaintiffs against individuals who executed promissory notes in the venture. We have consolidated these cases and each of the defendants has agreed to be bound in each of their own suits by the disposition of Bumba's case at trial.
 Johnston v. Bumba, 764 F.Supp. 1264, 1268 (N.D.Ill.1991). Thus, for the sake of convenience, we shall simply refer to the defendants collectively as "Bumba."
 
 
 [2]
 Specifically, the district court found that the plaintiffs (1) had made an unregistered public offering in violation of 15 U.S.C. § 77e, 764 F.Supp. at 1279, and (2) had made false statements and omissions of material fact in violation of 15 U.S.C. § 77q(a)(2) and (3), § 78j, and 17 C.F.R. § 240.10b-5, id. at 1283