996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Terry BERNAS, Plaintiff/Appellant,
v.
SOO LINE RAILROAD CO., Defendant/Appellee.
 No. 91-3640.
 United States Court of Appeals, Seventh Circuit.
 Argued June 15, 1993.
Decided June 18, 1993.
Rehearing and Suggestion for Rehearing In Banc
Denied Aug. 1,1, 1993.
 
 Before BAUER, Chief Judge, and CUMMINGS and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Terry Bernas filed this action pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51 et seq., against his former employee, the Soo Line Railroad Company. Bernas alleged that he suffered a cerebral stroke and hemorrhage caused by the defendant's negligence in handling his evaluation and proposed return to work after suffering prior injuries. Bernas also alleged fraudulent inducement of the release of all claims arising out of prior injuries and breach of an oral promise to return him to work. Finding insufficient evidence to support a causal link between the alleged negligence of the railroad and Bernas' stroke and finding no evidence of fraud, summary judgment was granted in favor of Soo Line. Bernas now appeals pro se.
 
 I. BACKGROUND
 
 2
 While working as a switchman for the Chicago, Milwaukee, St. Paul and Pacific Railroad Company (succeeded in interest by the defendant, Soo Line Railroad), Bernas suffered personal injuries on three separate occasions.[1] He returned to work briefly, accepting a light duty assignment until dismissed in March of 1983. In October of 1983, Bernas executed a release of claims arising out of the personal injuries sustained for the recited consideration of $12,000. Bernas contends, however, that in addition to the noted consideration, the defendant's agent orally promised that Bernas would be allowed to return to work in a position consistent with his physical limitation. Bernas was ultimately released to return to work by both his personal physician and by Soo Line Medical Services Department on September 28, 1983. Before he was allowed to return to work, however, Soo Line required that he pass a written operation department rules exam.[2] After an initial failed attempt, the exam was rescheduled on December 7, 1983. Defendant's Exhibit # 5. A cerebral stroke and hemorrhage suffered on November 23, 1983, however, prevented successful completion of the exam, and Bernas was never returned to work afterwards.
 
 
 3
 Plaintiff initially commenced this action in the District Court of Minnesota, Hennepin County, on November 11, 1986. Per stipulation of the parties, the Minnesota court ordered that the case be dismissed without prejudice and allowed it to be refiled in the United States District Court for the Northern District of Illinois, where venue was proper, within thirty days of the order.[3] The instant action, filed on May 14, 1990, alleged essentially the same claims.[4]
 
 
 4
 Bernas sought redress under the FELA to recover for the stroke suffered as a result of the alleged negligence of his employer in failing to return him to work. His complaint charges the railroad with negligence (1) in breaching the alleged promise to return Bernas to work, (2) in the manner in which the defendant handled the return to work procedures after Bernas' injuries, and (3) in the failure to implement or enforce procedures to address alleged managerial misconduct in the evaluation and return to work of injured employees. Bernas also alleges that the release was procured through fraud because the defendant never intended to allow Bernas to return to work. He claims that he experienced emotional, mental, and psychological stress, anxiety, and trauma as a result of this negligence which culminated in the stroke.
 
 
 5
 The parties consented to disposition by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). After the close of discovery, defendant filed its motion for summary judgment, on October 3, 1991. The defendant argued that Bernas had failed to establish the essential element of a causal connection between any railroad negligence and the stroke. In support, Soo Line offered excerpts from the deposition of Dr. William R. O'Connor, a board-certified internist who had treated Bernas from 1975 through 1979 and again after the stroke in November of 1983. The testimony stated that the deponent was unable to render an opinion based on a reasonable degree of medical certainty as to what caused Bernas' stroke. Defendant's Exhibit # 1. Because most of the reasonable causes of the stroke were excluded by testing, Dr. O'Connor stated that the stroke occurred without a particular demonstrable etiology (cause or origin). Id. However, neither was he able to offer an opinion as to any non-organic causes of the stroke. Id. In view of this evidence, the defendant maintained that Bernas was not returned to work solely because he failed to successfully pass an examination on the railroad's consolidated code of operating rules. With respect to Bernas' second claim, Soo Line argued that Bernas failed to present any evidence of fraud in connection with the settlement agreement. Finally, the defendant argued that in any event, Bernas' claims were barred by the three-year statute of limitations contained in 45 U.S.C. § 56.[5]
 
 
 6
 At a pretrial conference on October 9, 1991, Bernas was ordered to respond to the motion for summary judgment and to submit a motion with supporting affidavits for leave to submit any new medical evidence by October 15, 1991. The defendant's motion for summary judgment was heard on October 16, 1991. At that time, Bernas presented his response to the defendant's motion and requested a continuance to conduct additional discovery in order to effectively oppose summary judgment. The Magistrate Judge denied the motion for a continuance and granted summary judgment in favor of the defendant. Neither party elected to appeal the decision to the district court, therefore, jurisdiction on appeal is proper pursuant to 28 U.S.C. § 1291.
 
 II. ANALYSIS
 
 7
 Bernas argues that summary judgment is particularly inappropriate in negligence cases like this, where the uncontradicted evidentiary facts presented are susceptible to conflicting interpretations. True, a factual issue which may reasonably be resolved in favor of either party will preclude the entry of summary judgment if it is material to the case. A.V. Consultants, Inc. v. Barnes, 978 F.2d 996, 1000 (7th Cir.1992). Generally, if the party opposing summary judgment fails to make a sufficient showing on an essential element of his case to which he bears the burden of proof, there can be no genuine issue of material fact, since a complete failure of proof concerning an essential element necessarily renders all other facts immaterial. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552 (1986). This standard is qualified, however, by the actual quantum and quality of proof necessary to support liability under the governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254, 106 S.Ct. 2505, 2513 (1986).
 
 
 8
 Cases from this circuit hold that "the quantum of evidence required to establish liability in a[ ] FELA case is much less than in an ordinary negligence action."[6] Harbin v. Burlington N. R.R. Co., 921 F.2d 129, 131 (7th Cir.1990); see also Deutsch v. Burlington N. R.R. Co., 983 F.2d 741, 743 (7th Cir.1992), cert. denied, 113 S.Ct. 1845 (1993). Under the FELA, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury ... for which damages are sought." Wilson v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 841 F.2d 1347, 1353 (7th Cir.) (citing Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 506, 77 S.Ct. 443, 448 (1957)), cert. dismissed, 487 U.S. 1244, 109 S.Ct. 1 (1988). Discretion to engage in common sense inferences regarding issues of causation and fault is exclusively vested with the jury "in all but the infrequent cases where fair-minded jurors cannot honestly differ whether fault of the employer played any part in the employee's injury." Walden v. Illinois Cent. Gulf R.R., 975 F.2d 361, 364 (7th Cir.1992) (citing Rogers, 352 U.S. at 510, 77 S.Ct. at 451). Therefore, the case must be submitted to the jury "when there is even slight evidence of negligence," Harbin, 921 F.2d at 131; Deutsch, 983 F.2d at 743, whether or not the evidence would also reasonably permit the jury to attribute the injury to other causes as well. Wilson, 841 F.2d at 1353.
 
 
 9
 Viewing the evidence most favorable to the employee, judicial appraisal of the proofs is narrowly limited to the single inquiry whether a jury may with reason conclude that negligence of the employer played any part at all in the injury. Id.; Rogers v. Missouri Pac. R.R. Co., 352 U.S. 500, 506-07, 77 S.Ct. 443, 448-48 (1957). This court's review on appeal is governed by the same standard. Deutsch, 983 F.2d at 743. After reviewing the record de novo, and drawing all reasonable inferences in favor of the nonmoving party, this court will uphold the grant of summary judgment if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. Fed.R.Civ.Pro. 56(c); Liberty Lobby, 477 U.S. at 250, 106 S.Ct. at 2511.
 
 
 10
 In response to defendant's motion for summary judgment, Bernas stated that the deposition testimony of Dr. O'Connor came as a surprise because it was expected that Dr. O'Connor would testify that a cause of the stroke was the conduct of the railroad in obtaining a release from Bernas and in refusing to allow him to resume his employment. When viewed in the light most favorable to the plaintiff, it is possible to draw a negative inference from Dr. O'Connor's testimony that although all reasonable (i.e., common medical) causes of the stroke were precluded by testing, potential stress-related causes were not precluded. Testimony that he was also unable to offer an opinion as to any non-organic causes, however, undermines this inference. Even if reasonable, it appears unlikely that this inference alone would be sufficient to establish liability.
 
 
 11
 To establish liability under the FELA, current Seventh Circuit case law holds that "an injury under FELA requires physical contact or the threat of physical contact." Ray v. Consolidated Rail Corp., 938 F.2d 704, 705 (7th Cir.1991), cert. denied, 112 S.Ct. 914 (1992) (White and Thomas, JJ. dissenting, argue that a uniform rule should be announced, noting a split in the circuits regarding whether a claim for an emotional injury caused by emotional distress negligently inflicted without an accompanying physical injury or physical contact is cognizable under the FELA). Accord Hammond v. Terminal R.R. Ass'n, 848 F.2d 95, 98 (7th Cir.1988), cert. denied, 489 U.S. 1032 (1989). Contra Gottshall v. Consolidated Rail Corp., 988 F.2d 355 (3d Cir.1993); Plaisance v. Texaco Inc., 937 F.2d 1004, 1009 (5th Cir.1991), aff'd, 966 F.2d 166 (en banc), cert. denied, 113 S.Ct. 604 (1992). It appears that under the zone of danger rule, Bernas' claim for negligently inflicted emotional distress may not be cognizable under the FELA even if, as alleged here, it manifested itself in physical injury. Gillman v. Burlington N. R.R. Co., 878 F.2d 1020, 1025 (7th Cir.1989) (where employee was not physically contacted or hurt, no claim for relief of negligent infliction of emotional distress under the FELA); see also Lancaster v. Norfolk & W.Ry. Co., 773 F.2d 807 (7th Cir.1985) (claim of intentional infliction of emotional distress not cognizable under the FELA), cert. denied, 480 U.S. 945 (1987).
 
 
 12
 Plaintiff's motion argued that Dr. O'Connor had stated his inability to render the anticipated causation opinion was based on review of his treatment records and the fact that he had not seen Bernas in the short time preceding the stroke.[7] Response Motion at 2. In light of this, plaintiff attached to his motion a note from Dr. Peter G. Verges which stated that he had treated Bernas in 1983, that Bernas was hospitalized from October 4, 1983 to October 8, 1983, and diagnosed with acute gastritis, hypertension, and pancreatitis. Dr. Verges' note further stated that "I understand that on November 23, 1983 [Bernas] had a C.V.A. for several days which could be attributed to arteriosclerosis and possibly stress reaction from the workplace." Response Motion (note attached). The Magistrate Judge disregarded Dr. Verges' opinion as insufficient evidence of causation because it was not made on the basis of personal knowledge. Order of October 23, 1991 at 3.
 
 
 13
 Even though counsel conceded before the Magistrate that there was insufficient evidence of causation to prevent summary judgment in favor of the defendant, (Motion Tr. 15 & Response Motion at 2), Bernas, acting pro se on appeal, disputes this.[8] He argues that Dr. Verges' opinion does present the threshold showing of causation and, as such, is sufficient to create a genuine issue for trial. Br. at 15. The record reveals that this note was the only evidence, although not the kind required by Rule 56(e), offered to support causation. Viewed in the light most favorable to the plaintiff, Dr. Verges' note at best suggests only a possible causal connection between the defendant's negligence and the stroke, rather than a probable one. Even under the lenient standard for avoiding summary judgment under the FELA, evidence of only a possible causal link may be insufficient. Bernas next argues that even if this evidence was insufficient, he was entitled to a continuance for additional discovery to obtain the necessary opinion of causation.
 
 
 14
 Federal Rule of Civil Procedure 56(f) allows a party who has no specific evidence contradicting a motion for summary judgment, to survive the motion by presenting both valid reasons for lack of proof and showing how postponement of a ruling will permit the non-movant to rebut the movant's showing.[9] Chicago Florsheim Shoe Store Co. v. Cluett, Peabody & Co., 826 F.2d 725, 727 (7th Cir.1987); Otto v. Variable Annuity Life Ins. Co., 814 F.2d 1127, 1138 (7th Cir.1986), cert. denied, 486 U.S. 1026 (1988). Although unaccompanied by the required Rule 56(f) affidavit, DeBruyne v. Equitable Life Assur. Soc., 920 F.2d 457, 462 (7th Cir.1990), plaintiff did attach the note from Dr. Verges.
 
 
 15
 On appeal, Plaintiff also provides excerpts from Dr. O'Connor's deposition testimony which, although not part of the record before the Magistrate Judge, indicate that Bernas' work-related stress produced a psychosomatic overlay which may provide support for a causal connection between the defendant's negligence and the stroke. Appellant's Appendix at 44. Unfortunately, plaintiff has offered no reason why he could not have presented this evidence with his response motion, and it is difficult to discern one. There is also no excuse offered for why plaintiff had not previously sought the necessary discovery. Finding no reasonable explanation why plaintiff was unable to obtain proof on medical causation when given ample time and opportunity, the court denied Bernas' request and granted summary judgment in favor of the defendant, Soo Line Railroad.
 
 
 16
 It is well established that "[a] party who has been dilatory in discovery may not use Rule 56(f) to gain a continuance where he has only made vague assertions that further discovery would develop genuine issues of material fact." United States v. Bob Stofer Oldsmobile Cadillac, Inc., 766 F.2d 1147, 1153 (7th Cir.1985). More than five years had passed since Bernas filed an action against his employer for negligently causing the stroke he suffered in November of 1983. After re-filing the case in April of 1990, and more than three months after discovery closed, almost three months after Dr. O'Connor's deposition, two months after the final pretrial order, and only one week before the scheduled date for trial, Bernas still sought additional time to support causation. Even after learning that Dr. O'Connor's deposition testimony was not as favorable as plaintiff had hoped, he still had approximately three months to obtain the necessary proof of causation. Because Bernas' failure to produce evidence of a causal connection is attributable to counsel's failure to make reasonable efforts to complete discovery, the district court's refusal to grant a continuance under Rule 56(f) was not an abuse of its discretion. Colby v. J.C. Penney, Co., 926 F.2d 645, 648 (7th Cir.1991), Todd v. Merrell Dow Pharmaceuticals, Inc., 942 F.2d 1173, 1178 (7th Cir.1991). Moreover, although Bernas was allowed only eight days to respond to the summary judgment motion, he clearly had adequate time prior to the close of discovery. Instituto Nacional v. Continental Ill. Nat. Bank, 858 F.2d 1264, 1272 (7th Cir.1988) (not an abuse of discretion to deny an extension of time when a response was ordered within ten days from receipt of a motion for summary judgment).
 
 
 17
 With respect to his second claim of fraudulent inducement in obtaining the release of personal injury claims, Bernas presented no argument or evidence to support this allegation at the summary judgment hearing.[10] Bernas' failure to present sufficient evidence on a claim for which he had the burden of proof at trial renders the grant of summary judgment in favor of the defendant proper. See Callen v. Pennsylvania R.R. Co., 332 U.S. 625, 630, 68 S.Ct. 296, 298 (1948) (burden on employee to show that release of claims under FELA invalid as procured through fraud).
 
 III. CONCLUSION
 
 18
 Viewing the record in the light most favorable to the plaintiff, it is nevertheless unreasonable to infer from the deposition testimony offered from Dr. O'Connor that potential stress-related factors caused the plaintiff's stroke. Even under the "slight evidence" standard, there is not enough to support causation under current Seventh Circuit FELA law. Evidence offered in opposition to the defendant's motion for summary judgment is insufficient to support a causal inference as it was not proper evidence under Rule 56(e), and there was no abuse of discretion in denying a continuance for additional discovery. For these reasons, summary judgment in favor of the defendant Soo Line Railroad is affirmed.
 
 
 
 [1]
 The parties do not dispute that Bernas' injuries of March 31, 1981, May 16, 1982, and July 3, 1982 were sustained while in the course of his duties as an employee of the defendant railroad
 
 
 [2]
 Bernas argues that the rules exam was not a prerequisite to returning to work, but was used by the defendant to delay or prevent Bernas from resuming employment. Br. 9, Reply Br. 9. He attempts to support this argument on appeal with reference to evidence not before the magistrate judge, (see Appellant's appendix at 19-22); nor is it evident that this argument was ever presented to the magistrate judge
 
 
 [3]
 The defendant argues that this information was not before the district court and thus should be stricken as not supported by the record on appeal. Fed.R.App.P. 28(e). Although this appears correct, it is disingenuous for the defendant to feign ignorance of these prior proceedings or of the stipulated agreement which led to refiling in the United States District Court of the Northern District of Illinois. This seems particularly inappropriate if, as Bernas contends, the defendant moved for transfer of the case to the Northern District of Illinois. Reply Br. 6. Moreover, this court may take judicial notice of the proceedings in the Minnesota state court, because they bear directly upon the matter at issue. Green v. Warden, U.S. Penitentiary, 699 F.2d 364, 369 (7th Cir.), cert. denied, 461 U.S. 960 (1983)
 
 
 [4]
 Although the complaint was filed one day after the thirty days allowed for refiling, the defendant does not challenge the filing as untimely under this order
 
 
 [5]
 Per stipulation, the parties agreed that "Plaintiff's date of filing in the instant case is preserved and any Statute of Limitations defense which might arise out of this dismissal and re-filing is hereby specifically waived by Defendant." Stipulation agreement in Appellant's appendix at 11; see Appellant's Br.; Reply Br. 6-7. In light of this, defendant has waived the statute of limitations defense. Moreover, the defendant failed to raise the affirmative defense in its answer, but raised it for the first time in its motion for summary judgment
 
 
 [6]
 In enacting the FELA, Congress provided that every railroad "shall be liable in damages to any person suffering injury while he is employed by such carrier ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of [the railroad], or by reason of any defect or insufficiency, due to its negligence...." 45 U.S.C. § 51
 
 
 [7]
 No affidavit was offered from Dr. O'Connor to support this alleged statement
 
 
 [8]
 In deciding to deny the motion for continuance the Magistrate Judge noted "Frankly, it sounds to me as though the preparation of the plaintiff's case was not handled in accordance with the scheduling order that I entered over five months ago.... As you know, our Court of Appeals instructs us to expect counsel to take those orders seriously." Tr. 17. Although Bernas asserts in his reply brief that he was not represented properly by his attorney, he argues essentially that the defendant has been abusing judicial process by implementing tactical delays, by improperly characterizing the deposition testimony of Dr. O'Connor and by moving to strike evidence. Reply Br. 6, 8, 10-11. These allegations are not supported by the record
 
 
 [9]
 Rule 56(f) provides:
 (f) When Affidavits are Unavailable
 Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
 
 
 [10]
 On appeal, Bernas attempts to present an affidavit to support his allegation that the release was procured through fraud. His brief claims that the affidavit signed on September 18, 1992 (well after summary judgment was entered), is the same as one signed on April 23, 1986. Br. 15. The April 23 affidavit is not presented and there is no other evidence to support this allegation