The State of Ohio, Appellee, *v.* Brock, Appellant. ,

(No. C-72285—Decided February 12, 1973.)

*Mr. Simon L. Leis, Jr.* and *Mr. Donald L. Schott,* for appellee.

*Mr. Martin S. Pinales,* for appellant.

Hess, P. J. This cause came on to be heard upon the appeal of questions of law, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, the transcript of the proceedings, the assignment of error and the briefs and arguments of counsel.

The defendant, appellant herein, does not present an assignment of error, but states the following: "Issue In Question. May a court take judicial notice of a necessary element in a criminal charge?" We will consider the question posed as a single assignment of error.

The defendant was indicted, and waived a jury trial. He was tried by the court, found guilty and sentenced for a violation of R. C. 3719.172,* which reads as follows:

"No person, except a manufacturer or wholesaler or retail dealer in surgical instruments, owner of a pharmacy,

---

*This section was repealed by 134 Ohio Laws 521, effective October 19, 1972.

pharmacist, practitioner, nurse, or other person authorized to administer narcotic drugs, shall possess a hypodermic syringe or needle or any instrument or implement adopted for the use of habit-forming drugs by the subcutaneous injection for the purpose of administering habit-forming drugs, unless such possession is authorized by the certificate of a physician issued within the period of one year."

The evidence presented included a hypodermic needle, which showed traces of heroin and was in the possession of the defendant as set forth in the indictment. There was no evidence presented by any witness learned in the use of heroin that heroin is a habit forming drug.

The record discloses that the trial court took judicial notice of the fact that heroin is a habit forming drug.

The sole question presented in this appeal is whether the trial court is permitted to take judicial notice of the fact that heroin is a habit forming drug within the meaning of R. C. 3917.17.2.

We conclude that the courts may take judicial notice of any scientific fact which may be ascertained by reference to a standard dictionary or is of such general knowledge that it is known by any judicial officer. 21 Ohio Jurisprudence 2d 76, Evidence, Section 63.

Since history has been recorded, heroin has been known as a crystalline narcotic made from morphine, but more potent than morphine because of its addictive properties. *United States* v. *Holmes* (C. C. A. 7, 1951), 187 F. 2d 222; *United States* v. *Pisano* (C. C. A. 7, 1951), 193 F. 2d 355; *United States* v. *Marizal* (C. C. A. 5, 1970), 421 F. 2d 836.

In the instant case, the trial court was correct in taking judicial notice of the fact that heroin is a narcotic drug and is habit forming.

The assignment of error presented by the defendant is not well taken.

It is, therefore, ordered by the court that the judgment of the Court of Common Pleas of Hamilton County be, and the same hereby is, affirmed.

*Judgment affirmed.*

SHANNON and YOUNG, JJ., concur.