THE STATE OF OHIO, APPELLEE, v. REESE, APPELLANT.

(Nos. C-77007 and C-77008—Decided March 29, 1978.)

*Mr. Thomas A. Luebbers, Mr. Paul J. Gorman* and *Mr. Daniel M. Collett,* for appellee.
*Mr. Richard C. Gasen,* for appellant.

*Per Curiam.* These causes came on to be heard upon the appeals; the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court; and the transcript of the proceedings, the briefs and the arguments of counsel.

Now, therefore, the assignments of error having been fully considered are accordingly passed upon in conformity with App. R 12(A) as follows.

On November 9, 1976, at approximately 11 p. m., a

Cincinnati police officer was sent to 1613 Central Avenue based upon some information that a drug party was in progress at that location. Upon his arrival and entrance into a kitchen area, he observed the defendant, the appellant herein, and four other persons in the room. Appellant and one other person were seated at a kitchen table, and on the table, in front of appellant, were three drug prescription forms in blank. The investigating officer placed the appellant and the other person seated at the table under arrest on a charge of unlawfully possessing an uncompleted, preprinted prescripton blank as proscribed by R. C. 2925.22. Subsequently, the appellant, while being interviewed by the arresting officer at District 1 police facilities, was found to be in possession of three pills that were identified as pyribenzamine, a prescripton drug, and, as a consequence, she was charged with the separate offense of violating Section 601-23, Cincinnati Municipal Code (Drug Prescription, Possession Prohibited). These two cases came on for trial concurrently before a judge of the Hamilton County Municipal Court and, after a presentation of the evidence and arguments of counsel, the court found the appellant guilty on each charge and imposed a penalty as provided by law. It is from these findings that the appellant brings her appeal to this court.

Six assignments of error are urged by appellant, three on each of the two charges on which she was convicted. We will deal with these assignments out of sequence. The appellant's second assignment of error argues that the trial court committed error in admitting into evidence the exhibit which constituted the three pills recovered from the person of the appellant for the reason that a proper chain of custody was not established. We agree with the appellant. The record reveals that after securing these pills from the appellant the officer placed the same in an envelope, sealed the envelope, and deposited it in the police property room. He later secured the evidence from the laboratory which analyzed the pills and delivered them to the court room for trial. The officer did not endorse or mark the envelope in which the pills were contained nor

does the record reveal the procedure whereby the pills recovered from the appellant were transported to the laboratory for examination and later recovered by the officer and presented at trial. The record further does not indicate in any way that the pills involved were unique either in terms of color, size or special identifying characteristics. The trial record here utterly fails to establish a continuous chain of custody. We have no way of ascertaining nor was the trial court provided with evidence, so far as we could determine from the record, which would have demonstrated that the pills tendered in evidence were in fact the three pills recovered from the appellant. An examination of the property envelope in which the three pills were enclosed reveals that six separate individuals, over a period of nine days, handled the exhibit. The pills are aqua in color and otherwise unremarkable, carrying an indication of the manufacturer and the number 33. There is nothing in the record which convinces us that an identification of these pills beyond a reasonable doubt is possible. As a consequence of the state's failure to establish a custodial chain, it is our opinion that the trial court erred in receiving the exhibit. The second assignment of error is well taken. See *State* v. *Conley* (1971), 32 Ohio App. 2d 54.

The appellant's third assignment of error contests the admissibility of an exhibit which is a laboratory report dealing with the analysis of the three pills previously referred to.

R. C. 2925.51(B) requires that:

"The *prosecuting attorney shall serve a copy of the report on the attorney of record for the accused, or on the* accused if he has no attorney, prior to any proceeding in which the report is to be used against the accused other than that at a preliminary hearing or grand jury proceeding * * * ." (Emphasis added.)

We consider this language to be mandatory, and the record clearly demonstrates that the prosecutor did not comply with the provisions of the above-quoted section. Defense counsel called the court's attention to the fact that

he had not been served with a copy of the laboratory report marked as Exhibit 3 and objected to its admissibility. It is our opinion that the failure on the part of the prosecutor to properly provide a copy to defense counsel renders such a report inadmissible. Consequently, the trial court erred in admitting Exhibit 3 and the appellant's third assignment of error is sustained.

Appellant, for her fifth assignment of error, argues that the trial court committed prejudicial error in taking judicial notice of the fact that pyribenzamine is a federally registered prescription drug. We find the assignment to be without merit on two grounds. First, counsel for appellant failed to object to the trial court's indication that he was going to take judicial notice of the fact that pyribenzamine is a federally registered prescription drug. Second, a judge, in the performance of his duties, does not function in a vacuum and he can be expected to refer to the federal government's published list of prescription drugs, which has the characteristics of a standard reference publication from which a scientific fact may be determined. The fifth assignment of error is overruled.

We come now to a consideration of those assignments of error having to do with the charged violation of R. C. 2925.22(A). Appellant's first assignment of error asserts that the trial court committed prejudicial error in permitting a police officer to testify as to his opinion of what constitutes a blank prescription form. We cannot agree with appellant's position. The best evidence is the three blank "prescription forms" which were received as Exhibit 1. The officer testified as to what he observed. He was cross-examined as to his expertise in determining what in fact was a prescription form and this cross-examination may have attacked the officer's credibility, but we believe that his testimony was admissible for whatever weight the trier of the fact wished to give to it and that the admission of this evidence was not prejudicial. The first assignment of error is therefore overruled.

Appellant's fourth assignment of error asserts that the finding by the trial court that appellant was in pos-

session of three blank prescription forms was against the manifest weight of the evidence. We agree with this position. The substance of the state's evidence on this point was that the prescription forms were on a table in front of the place where the appellant was seated and that she admitted to one of the arresting officers that she had previously seen the blanks and was aware of their presence. The evidence further demonstrated that in addition to the appellant, there was one other person seated at the table and several other persons were on the premises. We are constrained to hold that possession of the three blank prescription forms at least, under the fact situation presented in this case, is an individual type of offense and something beyond mere presence and knowledge is required before appellant can be found guilty of the charge. We cannot infer guilt of the appellant, and the trier of the facts may not speculate as to which of the several persons present was in fact in possession of the blanks. The fourth assignment of error is sustained.

Appellant's sixth assignment of error complains that the trial court was without authority to judicially notice what constituted a blank prescription form and as a consequence erred in overruling the motion for acquittal made by defense counsel at the close of the state's case. We find the sixth assignment of error to be without merit. In our view the law does not require a trial judge to ignore his experience as a judge and as a well-informed member of the community. See *State* v. *Treadway* (1974), 328 N. E. 2d 825; *State* v. *Brock* (1973), 34 Ohio App. 2d 175.

For the reasons given above, the judgment of the trial court is reversed.

*Judgment reversed.*

SHANNON, P. J., BETTMAN and CASTLE, JJ., concur.