OPINION
{¶ 1} Defendant Robert A. Bethel appeals a judgment of the Court of Common Pleas of Tuscarawas County, Ohio, convicting and sentencing him for one count of trafficking in marijuana in violation of R.C. 2925.03, after a jury found him guilty. Appellant assigns a single error to the trial court:
I
 {¶ 2} "I. THE DRUG REPORT SHOULD HAVE BEEN EXCLUDED FROM EVIDENCE DUE TO NON-COMPLIANCE WITH THE MANDATES OF R.C. 2925.51."
 {¶ 3} Tuscarawas County Sheriff's Department deputies arrested appellant after he allegedly sold marijuana to a confidential informant in a controlled drug buy. Appellant was arraigned on June 14, 2001, and served a discovery request on the State on June 19, 2001. The State's response to the discovery request, provided on June 28, 2001, included the drug analysis report on the marijuana appellant sold to the informant. The report recited the analysis of the marijuana, and had a second page which stated the analysis was completed with due caution and in accordance with accepted procedures. The report further stated the accused had the right to demand the analyst give testimony, by demanding it within seven days after the receipt of the drug analysis. The parties agree the report did not have an attached notarized affidavit stating the analyst worked for the laboratory and that analysis is part of his regular duties. Also missing was an outline of the analyst's education, training, and experience pertinent to his performance of the analysis.
 {¶ 4} At trial, the prosecution did not call the analyst to testify. However, at the conclusion of the State's case, the State offered a copy of the drug report pursuant to R.C. 2925.51 as prima facia evidence the item analyzed was marijuana. The document offered at trial was properly notarized.
 {¶ 5} Appellant objected to the admission of the document, urging that because it was not supplied in discovery, it was inadmissible. The prosecution responded although the notarized affidavit was never supplied, the State had substantially complied with R.C. 2925.51 in providing the report. The court admitted the drug analysis report.
 {¶ 6} Appellant argues the drug report supplied in discovery did not comply with the mandates of R.C. 2925.51, which requires a notarized statement by the signer of the report which states the person signing the report is an employee of the laboratory issuing the report, and states the employee conducted the analysis as part of his regular duties. There must be a statement in the report alleging the lab test was conducted with due caution and in accord with accepted and established procedures. The statute requires the report to be served on the accused or counsel prior to any proceeding in which the report may be used.
 {¶ 7} It is clear the report offered into evidence at trial complied with the mandates of R.C. 2925.51. Thus, the issue before us is whether the failure on the part of the prosecutor to provide in discovery a copy of the affidavit with the copy of the report renders the report inadmissible at trial. We find it does.
 {¶ 8} It is clear the report was provided in discovery, albeit in a form not in full compliance with the statute. However, the statute specifically identifies what must be in the report and further requires the report be served on the accused or counsel prior to any proceeding in which the report is to be used. As such, we believe this appeal does not involve a discovery violation issue, but rather an evidentiary foundation issue.
 {¶ 9} The statute specifically addresses the preconditions necessary for admission of the report into evidence at trial in the absence of a court appearance by the preparer of the report. The fact the statute specifically lists what must be included with the report leads us to the conclusion what is listed was important to the legislature. Failure to include all information specified in the statute renders the report inadmissible at trial for failure to comply with the statute, not because of a discovery violation. Similar results were reached in Statev. Reese (1978), 56 Ohio App.2d 278, 382 N.E.2d 1193; State v. Thompson
(Jan. 24, 1996), Lorain App. No. 95CA006047; State v. Hudson, Cuyahoga App. No. 70910, 2002-Ohio-1408; and State v. Isaac (Sept. 29, 1993), Adams App. No. 93CA556. Appellant's sole assignment of error is sustained.
 {¶ 10} For the foregoing reason, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is reversed, and the cause is remanded to that court for a new trial.
By Hoffman, P.J. and Edwards J. concur.
Gwin, J. dissents.
Topic: Trafficking