{¶ 1} Appellant, Leonard Putnam, brings this appeal challenging his conviction for drug possession. After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On March 20, 2007, a Cuyahoga County grand jury indicted appellant on one count of drug possession, in violation of R.C. 2925.11, and one count of possession of criminal tools, in violation of R.C. 2923.24. Appellant filed a motion for discovery and a request for a bill of particulars on April 5, 2007, and a motion to compel discovery on May 21, 2007. The state's responses to appellant's discovery motions included a witness list and a list of documents and lab reports it intended to use at trial. The witness list did not include either the name "Scott Miller" or a reference to a "Cleveland scientific investigation unit (SIU) technician." The document list contained a reference to lab report No. 503238.
 {¶ 3} On May 21, 2007, appellant filed a motion to suppress, which the trial court denied after a hearing on July 24, 2007. On July 25, 2007, a jury trial commenced for appellant and co-defendant Ernest Harris.[1]
At trial, the state called four witnesses and presented various exhibits.
 {¶ 4} The state called Detective Luther Roddy to testify as to the events that led to appellant's arrest. Det. Roddy, as the lead detective on this case, obtained a search warrant for a house on Marston Avenue in Cleveland, after having conducted *Page 4 
surveillance on the house for a period of time and after having an informant make a controlled buy of crack cocaine at that location. Det. Roddy executed the search warrant on March 6, 2007. He testified that he, along with a SWAT team, ran up the Marston Avenue driveway, calling out approximately three or four times, "Cleveland Police, search warrant, let me see your hands." He testified that a Cadillac was parked in the driveway with its hood up. He could see one person standing on either side of the car and, as he approached the car more closely, he saw appellant look out from the left side of the vehicle and then return to where he was standing behind the opened hood. Det. Roddy testified that he clearly saw appellant throw a white object on top of the exposed engine.
 {¶ 5} When he reached appellant, Det. Roddy retrieved the white object he had seen appellant throw. He then opened up what appeared to be white paper and found suspected crack cocaine wrapped inside. Det. Roddy testified that inside the house he found mail addressed to appellant at the Marston Avenue address. He also found $427 on appellant's person.
 {¶ 6} Detectives John Hall and Michael Raspberry also testified at trial. Although both detectives were present when the search warrant was executed, they each testified that neither saw appellant throw anything because they were behind Det. Roddy as he ran up the driveway. Det. Hall testified that he was the person who ultimately detained appellant. He also testified that he watched Det. Roddy reach into the motor of the Cadillac and retrieve a balled-up piece of white paper. *Page 5 
 {¶ 7} The state then called Scott Miller, a Scientific Investigation Unit technician with the Cleveland Police Department, to testify regarding the information contained in lab report No. 503238. Defense counsel objected to the lab report being introduced and to Miller testifying. Defense counsel also moved to exclude both the report and Miller's testimony. The trial court heard arguments from both sides and denied the motion.
 {¶ 8} Miller testified that the white object was actually a piece of white plastic and the substance inside the white plastic was 2.23 grams of crack cocaine. Miller testified that his test results were memorialized in lab report No. 503238.
 {¶ 9} On July 30, 2007, the jury returned a verdict of guilty on one count of drug possession, but it was unable to reach a verdict on the count of possession of criminal tools. On January 22, 2008, the state dismissed the possession of criminal tools count. Appellant was sentenced to six months incarceration with credit for time served.[2]
 Review and Analysis {¶ 10} Appellant filed a timely notice of appeal challenging his conviction for drug possession. He raises three assignments of error for our review. For ease of discussion, we discuss them out of order. *Page 6 
 Admissibility of Evidence {¶ 11} "III. Appellant was denied his right to a fair trial when the trial court allowed the prosecutor to introduce evidence about a drug analysis laboratory report although the prosecutor did not provide the name of the witness or the report through discovery or prior to trial."
 {¶ 12} In his third assignment of error, appellant argues that the state's failure to serve him a copy of the lab report violated R.C. 2925.51(B); therefore, the court should not have admitted it at trial. He further argues that the state's failure to put Scott Miller's name on its witness list precluded him from testifying. We disagree.
 {¶ 13} It is well established that pursuant to Evid. R. 104, the introduction of evidence at trial falls within the sound discretion of the trial court. State v. Heinish (1990), 50 Ohio St.3d 231; State v.Sibert (1994), 98 Ohio App.3d 412. Therefore, "an appellate court which reviews the trial court's admission or exclusion of evidence must limit its review to whether the lower court abused its discretion." State v.Finnerty (1989), 45 Ohio St.3d 104, 107. A trial court abuses its discretion when it acts in an unreasonable, arbitrary, or unconscionable manner. A reviewing court should not substitute its judgment for that of the trial court. Finnerty, supra, at 107-108. See, generally, State v.Jenkins (1984), 15 Ohio St.3d 164. *Page 7 
 {¶ 14} When the state seeks to introduce a laboratory report as evidence, R.C. 2925.51 requires that the report contain a notarized statement by the signer of the report that states the person signing the report is an employee of the laboratory issuing the report, and states the employee conducted the analysis as part of his regular duties. There must be a statement in the report alleging the lab test was conducted with due caution and in accord with accepted and established procedures. R.C. 2925.51(A).
 {¶ 15} Furthermore, R.C. 2925.51(B) states: "The prosecuting attorney shall serve a copy of the report on the attorney of record for the accused, or on the accused if the accused has no attorney, prior to any proceeding in which the report is to be used against the accused * * *."
 {¶ 16} R.C. 2925.51(B) prevents the "use" of such a report as prima facie proof at trial where the prosecutor has failed to serve a copy on the defendant or his counsel. State v. Fluker (Feb. 25, 1982), Cuyahoga App. No. 42782. In State v. Reese (1978), 56 Ohio App.2d 278,382 N.E.2d 1193, the court held that "the failure on the part of the prosecutor to properly provide a copy to defense counsel renders such a report inadmissible."
 {¶ 17} State v. Bethel, Tuscarawas App. No 2002AP0010, 2002-Ohio-5437, stands for the same proposition of law. The court in Bethel held that a prosecutor's failure to comply specifically with the mandates of the statute rendered the report inadmissible. Id. The prosecutor inBethel supplied the *Page 8 
report to defense counsel, but did not include a copy of the affidavit required to authenticate it. The court stated that "the statute specifically identifies what must be in the report and further requires the report be served on the accused or counsel prior to any proceeding in which the report is to be used * * * ." The court also stated that "[the] appeal does not involve a discovery violation issue, but rather an evidentiary foundation issue." As such, the Bethel court held that the report should have been excluded. Id.
 {¶ 18} In our case, the prosecutor provided no part of the report except a reference to it in a discovery response. We find this is insufficient under the statute, and the trial court erred by admitting the report as an exhibit. However, the Fluker court held that even if a report is inadmissible due to the state's failure to serve a copy on the defendant, R.C. 2925.51(B) imposes no limitation on its use for any other purpose when the preparer of the report testifies at trial. Id.
 {¶ 19} In this case, Scott Miller, the scientific examiner who prepared the lab report, testified that he tested the substance appellant allegedly possessed and determined it to be 2.23 grams of crack cocaine. Appellant argues that Miller's testimony should not have been admitted because the state violated Crim. R. 16 by failing to identify Miller on its witness list during discovery. The state argues that during voir dire, it told the court and defense counsel it intended to call Miller as a witness. *Page 9 
 {¶ 20} The remaining issue before us, therefore, is whether the court erred in allowing Miller to testify. If so, we must determine whether the error was harmless or whether it so prejudiced appellant that his conviction must be vacated.
 {¶ 21} Under Crim. R. 16(B)(1)(e), the state must furnish the defendant a list of witnesses it intends to call at trial. Under Crim. R. 16(E) (3), if a party fails to comply with this rule, "the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing into evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 22} In State v. Czajka (1995), 101 Ohio App.3d 564, 656 N.E.2d 9, this court held that "a trial court does not abuse its discretion by permitting the testimony of an undisclosed witness if it can be shown that the failure to provide discovery was not willful, that foreknowledge of the statement would not have benefitted the defendant in preparation of the defense, and that the defendant was not prejudiced by the admission of the evidence."
 {¶ 23} Here, the state did not disclose Scott Miller's identity on the witness list it provided to appellant during discovery. Instead, the state claims that it told defense counsel before trial that "there would be four witnesses: three detectives and the Cleveland SIU technician." Appellant claims the first time he *Page 10 
became aware that the state intended to call Miller was at trial.[3]
When the state proceeded to introduce lab report No. 503238 and have Miller testify, appellant made an oral motion to exclude the report and Miller's testimony. With respect to Miller's proposed testimony, appellant argued in court that Miller's testimony was prejudicial to appellant.
 {¶ 24} The trial court offered appellant a chance to talk with Miller before he testified. Specifically, the trial court said to defense counsel, "I note your objection. * * * I will give you this opportunity prior to calling Mr. Scott Miller to have time with Mr. Miller if you so desire, Mr. Philips as well as Mr. Sheperd. Otherwise, we will go ahead and bring him in." After further discussion between all counsel and the trial court regarding the admissibility of the lab report, Miller testified. Defense counsel declined to speak with Miller before he testified.
 {¶ 25} We believe that the court's offer to appellant in this case satisfies Crim. R. 16 when the state fails to produce a witness's name and address prior to trial. The trial court offered appellant a chance to talk with Miller; appellant never requested a continuance seeking more time. Appellant's failure to take advantage of the court's offer alleviates any error by the state. *Page 11 
 {¶ 26} Although we find that the trial court erred by admitting the lab report, we do not find that the trial court abused its discretion by allowing Miller to testify. Appellant's third assignment of error is overruled.
 Sufficiency of the Evidence {¶ 27} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence to sustain a conviction."
 {¶ 28} In his first assignment of error, appellant argues that the court erred in denying his Crim. R. 29 motion because the state failed to present sufficient evidence of drug possession. R.C. 2925.11 states that "(A) No person shall knowingly obtain, possess, or use a controlled substance." Appellant argues that the state failed to present evidence that he knowingly possessed the crack cocaine that Det. Roddy testified he saw appellant throw under the hood of the car. We disagree.
 {¶ 29} Under Crim. R. 29, a trial court "shall not order an entry of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." State v. Bridgeman (1978),55 Ohio St.2d 261, 381 N.E.2d 184, syllabus. "A motion for judgment of acquittal under Crim. R. 29(A) should only be granted where reasonable minds could not fail to find reasonable doubt." State v. Apanovitch
(1987), 33 Ohio St.3d 19, 23, 514 N.E.2d 349.
 {¶ 30} Thus, the test an appellate court must apply in reviewing a challenge based on a denial of a motion for acquittal is the same as a challenge based on the *Page 12 
sufficiency of the evidence to support a conviction. See State v.Bell (May 26, 1994), Cuyahoga App. No. 65356. In State v. Jenks (1991),61 Ohio St.3d 259, 273, 574 N.E.2d 492, the Ohio Supreme Court set forth the test an appellate court should apply when reviewing the sufficiency of the evidence in support of a conviction: "[T]he relevant inquiry on appeal is whether any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. In other words, an appellate court's function when reviewing the sufficiency of the evidence is to examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169." See, also, Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct 2781, 61 L.Ed.2d 560.
 {¶ 31} Possession may be actual or constructive. State v.Griffin, Cuyahoga App. No. 82979, 2004-Ohio-2155; State v. Butler
(1989), 42 Ohio St.3d 174, 176, 538 N.E.2d 98. Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession. Constructive possession exists when an individual is able to exercise dominion or control of an item, even if the individual does not have the item within his immediate physical possession. Id., citing State v. Hankerson (1982),70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. Dominion and control may be established by circumstantial evidence alone. Id., citing State v.Pruitt (1984), 18 Ohio App.3d 50, 480 N.E.2d 499.
 {¶ 32} At trial, Det. Roddy testified that as he ran up the driveway to where appellant was standing behind the open hood of a Cadillac, he clearly saw appellant *Page 13 
look out around the hood at him. He testified that he then saw appellant throw a "white object" onto the top of the exposed engine. Det. Roddy immediately retrieved the white object, opened it up, and found suspected crack cocaine. At no time during his direct testimony or on cross-examination did Det. Roddy waver as to what he witnessed: that the white object was in appellant's hand, that he threw it onto the engine, and that it contained suspected crack cocaine. Det. Roddy was asked several times whether there was any doubt that appellant had the object in his hand and then threw it, and each time Det. Roddy answered that there was no doubt in his mind as to what he saw appellant do.
 {¶ 33} We find the state presented sufficient evidence through Det. Roddy's testimony that appellant possessed crack cocaine.
 {¶ 34} Appellant also argues that there is no evidence that appellant knew that crack cocaine was wrapped inside the white plastic Det. Roddy recovered from on top of the car engine.
 {¶ 35} The term "knowingly" is defined in R.C. 2901.22(B): "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."
 {¶ 36} In State v. Barger, Cuyahoga App. No. 89646, 2008-Ohio-1079, the court held there was sufficient evidence that the defendant knew drugs were on his property even though the defendant maintained he did not know what the suspicious *Page 14 
contents were inside a metal box he found in his garage. The court held that the fact that the defendant thought it was suspicious indicated he was aware the contents were probably illegal, thereby satisfying the "knowingly" element of the drug possession charge.
 {¶ 37} In our case, by the mere act of throwing crack cocaine wrapped in the white plastic away from himself, appellant acted suspiciously. We consider this evidence sufficient to prove that he probably knew that what he was holding was illegal, otherwise he would not have thrown it as soon as he saw the police running up the driveway. We find that the state presented sufficient evidence that appellant knew crack cocaine was wrapped inside the white plastic object he threw. Appellant's first assignment of error is overruled.
 Manifest Weight of the Evidence {¶ 38} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 39} In his second assignment of error, appellant argues that the jury clearly lost its way by convicting him of drug possession. He argues that there was no evidence to connect him to "any drug involvement." We disagree.
 {¶ 40} In State v. Thompkins, 78 Ohio St.3d 380, 388, 1997-Ohio-52,678 N.E.2d 541, the court illuminated its test for manifest weight of the evidence as follows: "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the [trier of fact] that the party having the burden of proof *Page 15 
will be entitled to their verdict if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' Black's [Law Dictionary (6 Ed. 1990)], at 1594."
 {¶ 41} When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the fact finder's resolution of the conflicting testimony. Id., citing Tibbs v.Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 72 L.Ed.2d 652. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether, in resolving conflicts in the evidence, the fact finder clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717.
 {¶ 42} The state presented evidence that the police were conducting surveillance of the property on Marston Avenue in March 2007. There was evidence of prior drug arrests at that address and that the police had used a CRI to make drug buys at the house prior to the occasion in question. The state also presented uncontradicted testimony from Det. Roddy that he watched as appellant threw a white object into the engine area of the car from where he was standing. Finally, there was testimony from Scott Miller that the substance wrapped in white *Page 16 
plastic that Det. Roddy recovered from inside the hood of the car was crack cocaine.
 {¶ 43} The jury was able to assess Det. Roddy's credibility at trial and to weigh his testimony. The jury was also able to hear and weigh the testimony of other witnesses. After reviewing the entire record, and weighing the evidence and all reasonable inferences, we cannot conclude the jury lost its way. Appellant's second assignment of error is overruled.
Judgment affirmed; matter remanded for the limited purpose of correction of the sentencing entry.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, P.J., and MELODY J. STEWART, J., CONCUR
[1] In this opinion, we address only the facts and issues relating to appellant's conviction.
[2] Although the statute calls for a mandatory term in prison, the record reflects that appellant was sentenced to county jail, not prison, for six months. This error in the record should be corrected, and we remand for this limited purpose.
[3] The state contends that it gave defense counsel Miller's name on the record during voir dire. The transcript reflects only that the prosecutor acknowledged having a conversation about witnesses and their names and addresses with defense counsel before going on the record. Therefore, it is not clear whether defense counsel was given Scott Miller's name. *Page 1